LEROY CHESSER *v.* LULA CHESSER.

[No. 1-1175A119. Filed March 24, 1976.]

*Kerry L. Thompson*, of Scottsburg, for appellant.

*John F. Simpson*, of Charlestown, for appellee.

ROBERTSON, C.J.—Leroy Chesser brings this appeal from the denial of his motion for relief from a default dissolution of marriage decree entered in favor of his wife, Lula Chesser.

We reverse for the reason that the court never acquired personal jurisdiction over Leroy Chesser.

The record reveals that Leroy and Lula separated on July 8, 1974. Leroy moved from the couple's home in Otisco, Indiana and set up residence in Scottsburg. On July 11, 1974, Lula filed a petition for dissolution of marriage. Service was attempted on that evening by a deputy sheriff of Clark County who left a copy of the summons, the petition, application for restraining order and restraining order on the door of the

home at Otisco. The deputy made his return on the face of the summons by writing "Left papers on door, B.K., 7-11-74, 7:10 P.M.". The Sheriff of Clark County signed the return on the back of the summons indicating that Leroy Chesser had been served by leaving the papers at the house in Otisco.

On November 15, 1974, the court held final hearing on the petition for dissolution in which Leroy was defaulted, a dissolution decree was entered, and Lula was awarded all of the real and personal property of the marriage. In December of that year Lula delivered a copy of the final decree to Leroy.

On June 4, 1975, Leroy filed a motion for relief from judgment, Ind. Rules of Procedure, Trial Rule 60, in which he alleged that the final decree and order of the court was void since he was never properly served. The motion was denied, and Leroy filed a motion to correct errors. Leroy brings this appeal from the denial of his motion to correct errors.

Ind. Rules of Procedure, Trial Rule 4.1(A)(3), provides that service may be made upon an individual by "leaving a copy of the summons and complaint at his dwelling house or usual place of abode." If this means of effecting service is chosen, TR. 4.1(B) further provides that "the person making the service also shall send by first class mail, a copy of the summons without the complaint to the last known address of the person being served, and *this fact shall be shown upon the return.*"

The return on the summons in the present case indicated that service was made under TR. 4.1(A)(3). However, there is nothing on the return to show that a copy of the summons was sent to Leroy by first class mail, nor was there any evidence in the record that TR. 4.1(B) was followed.

Furthermore, the evidence shows that service was not attempted at Leroy's "dwelling house or usual place of abode." The paper was left at the house occupied by the parties during the marriage. Leroy had moved out three days before and had

not returned, only Lula resided at the house on November 11, 1974. In fact, among the papers left on the door of the house in Otisco was the court's order restraining Leroy from going about that residence.

The service of process attempted was not sufficient to give the court personal jurisdiction over Leroy. The dissolution decree is void, and the trial court erred in not granting Leroy's TR. 60(B)(6) motion for relief from judgment.

Although the argument is made upon appeal that Leroy had actual knowledge of the suit, though he was not formally served, the law is clear that "the mere fact that the party served has actual knowledge of the suit does not satisfy due process or give the court in personam jurisdiction." *Glennar Mercury-Lincoln, Inc.* v. *Riley* (1975), 167 Ind. App. 144, 338 N.E.2d 670, 675.

Judgment reversed and remanded.

Lowdermilk and Lybrook, JJ., concur.

Note.—Reported at 343 N.E.2d 810.