**Lerman C. SHOCKLEY,**
**Appellant–Plaintiff,**

**v.**

**Alvin D. WILLIAMSON,**
**Appellee–Defendant.**

**No. 49A05–9112–CV–436.**[1]

Court of Appeals of Indiana,
Fourth District.

June 17, 1992.

---

R. Victor Stivers, R. Victor Stivers & Associates, Indianapolis, for appellant-plaintiff.

Martha H. Hensley, DeMoss & Associates, Indianapolis, for appellee-defendant.

CONOVER, Judge.

Plaintiff–Appellant Lerman C. Shockley appeals the trial court's judgment denying his motion for relief from judgment. Ind. Trial Rule 60(B)(1).

We affirm.

Shockley presents one issue for our review:

whether the trial court erred in denying his motion for relief from judgment.

On May 6, 1989, Shockley and Defendant–Appellee Alvin D. Williamson were involved in an automobile accident. On July 21, 1989, Shockley filed a complaint for damages, alleging Williamson's negligence caused the accident. He notified State Farm Insurance Company, Williamson's automobile insurer, on May 24, 1989. Shockley specified the summons and complaint was to be delivered to Williamson by personal service at his last known address in Gary, Indiana. Williamson was never served.

Shockley proceeded with the case. He filed a praecipe for trial, received pre-trial orders from the court, and filed his preliminary witness list. On July 19, 1991, at the request of State Farm, an attorney entered an appearance on behalf of Williamson. He filed a motion for enlargement of time to file a response to the complaint, which the trial court granted. On August 12, 1991, counsel on behalf of Williamson filed a motion to dismiss pursuant to Ind. Trial Rule 12(B)(5) asserting Williamson had never received service of the complaint. Subsequently, the attorney State Farm had hired on Williamson's behalf made numerous unsuccessful attempts to contact his client at several different addresses. On August 21, 1991, he filed a motion to vacate the jury trial set for October, alleging trial preparation was impossible without a client. The court granted this motion and set a date to hear the motion to dismiss.

On September 23, 1991, Shockley filed a petition for leave of the court to publish a non-sequential third notice. He stated he had attempted to remedy lack of personal service by publication of notice of the suit in a newspaper serving the area. However, the newspaper failed to properly publish the notice on three consecutive dates.

After a hearing, the trial court denied Shockley's petition for leave to publish a non-sequential third notice and granted the motion to dismiss presented by counsel for Williamson. On October 17, 1991, Shockley filed a motion for relief from the judgment of dismissal. T.R. 60. The trial court denied the motion, upholding its dismissal of Shockley's cause of action. He appeals.

Shockley contends due to his mistake, surprise, and excusable neglect in reasonably relying on the actions of Williamson's counsel, the trial court's judgment of dismissal was unwarranted.

The movant bears the burden of proof in T.R. 60(B) procedures. *Taco Bell v. United Farm Bur. Mut. Ins.* (1991), Ind.App., 567 N.E.2d 163, 165, *trans. denied.* Whether to grant relief is a matter entrusted to the trial court's discretion, and we will reverse a decision on a T.R. 60(B) motion only for an abuse of that discretion. *Id.* An abuse of discretion occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences before the court. *Chelovich v. Ruff & Silvian Agency* (1990), Ind.App., 551 N.E.2d 890, 892. However, neither dismissals nor defaults are favored in Indiana because the law prefers the disposition of cases on their merits. *Fulton v. Van Slyke* (1983), Ind.App., 447 N.E.2d 628, 634, *reh. denied, trans. denied.* A trial court must balance the interests of the winning party and society in general in the finality

of litigation against the injustice suffered by the party moving for relief. *Mickle v. Kirk* (1990), Ind.App., 558 N.E.2d 1119, 1121. There is no fixed rule for determining what facts and circumstances constitute excusable neglect. *See e.g. First National Bank & Trust Co. of Crawfordsville v. Coling* (1981), Ind.App., 419 N.E.2d 1326, 1330.

■ The responsibility of adequately perfecting service lies with Shockley. *Geiger & Peters, Inc. v. American Fletcher Nat. Bank* (1981), Ind.App., 428 N.E.2d 1279, 1283. The record shows the original complaint was filed on July 21, 1989.[2] No other action was taken by Williamson or by anyone on his behalf until almost two years after the complaint was filed when an appearance was finally entered on behalf of Williamson on July 19, 1991.[3]

■ Under Indiana Rules of Trial Procedure, it is no longer necessary to differentiate between voluntary and special appearance in order to attack certain defects in a claim for relief. 1 Harvey, *Indiana Practice Rules of Procedure Annotated,* Author's Comments to T.R. 4, 73, (1987). In accordance with the trial rules, counsel hired on behalf of Williamson raised the defense of insufficiency of service of process prior to the filing of a responsive pleading when he filed its motion to dismiss on August 12, 1991. T.R. 12. At this time Shockley was put on formal notice a potential problem existed with service of process.

■ Additionally, on August 21, 1991, Shockley was put on notice when counsel hired on behalf of Williamson filed a motion to vacate trial because he was unable to communicate with his client and trial preparation was impossible. We reject Shockley's argument that filing of an appearance in a cause for the purpose of filing a motion to dismiss established the court's automatic jurisdiction over Williamson. If this were true, a motion for dismissal under T.R. 12(B)(5) could never stand. The trial court did not err in rejecting Shockley's contention he reasonably relied on a belief Williamson had knowledge of the complaint because counsel had entered an appearance on his behalf.

■ Next, Shockley contends he was deprived of the only opportunity to complete service when the trial court denied his petition to publish a non-sequential third notice. He urges he was being punished for not knowing Williamson's location when even Williamson's own attorney did not know his whereabouts.

Shockley states in his brief that when he received Williamson's notice to dismiss, he transmitted a request by facsimile to the Post–Tribune for a three-time publication notice of his complaint to Williamson. However, the proof of publication revealed the notice had not been published three times as required by T.R. 4.13(C). The newspaper had erroneously printed the notice twice on the same day and never printed a third notice. He then petitioned to the trial court to allow him to publish a non-sequential third notice.[4]

We do not find the trial court's denial of Shockley's motion to publish a non-sequential third notice to be clearly against the logic and effect of the facts and inferences before the court. Shockley had over two years to obtain service on Williamson, which could easily have been done by publication if his whereabouts were unknown. He had over six weeks from the filing of the motion to dismiss until the court's actu-

---

2. In Williamson's response to Shockley's motion for relief, counsel stated service was made upon "R. Williamson (Defendant's wife, Rose) on July 29, 1989." However, the record fails to present any evidence of proof of service in accordance with T.R. 4.1 or T.R. 4.15. *Chesser v. Chesser* (1976), 168 Ind.App. 560, 343 N.E.2d 810. Furthermore, Shockley concedes personal service was never perfected on Williamson. We must address the issues as raised by the parties.

3. Any notice State Farm Insurance may have had of the suit does not equal effective service of process on Williamson in absence of evidence he designated it to be his agent to receive service. *Poteet v. Bethke* (1987), Ind.App., 507 N.E.2d 652, 656.

4. Therefore, according to Shockley's brief, not only was he seeking permission to publish a third notification but also the second notification.

al dismissal of the action within which to effect proper service under the trial rules.

The trial court did not abuse its discretion in finding Shockley had not established mistake or excusable neglect under T.R. 60(B)(1) which would permit it to vacate its dismissal.

Affirmed.

MILLER and SULLIVAN, JJ., concur.