**Charles D. BARROW, Appellant–Defendant,**

v.

**David A. PENNINGTON, Appellee–Plaintiff.**

No. 49A02–9804–CV–349.

Court of Appeals of Indiana.

Oct. 7, 1998.

Jatin D. Shah, Indianapolis, for Appellant–Defendant.

Duge Butler, Butler, Hahn, Hill & Schembs, Indianapolis, for Appellee–Plaintiff.

## OPINION

ROBB, Judge.

### Case Summary

Appellant–Defendant, Charles Barrow ("Barrow"), appeals the trial court's judgment denying his Verified Motion For Relief From Default Judgment. We reverse.

### Issues

Barrow raises two issues for our review. We find one dispositive:

1. Whether the trial court had personal jurisdiction over Barrow (whether service of process complied with Indiana Trial Rule 4.1).

### Facts and Procedural History

■ A default judgment was entered against Barrow in favor of David Pennington ("Pennington"). Prior to this action, the Sheriff of Marion County allegedly delivered the underlying Summons and Complaint to Barrow's home. The return stated that the papers were left with a baby-sitter; however, Barrow had never employed a baby-sitter and did not have any children. At the time the Sheriff delivered the Summons and Complaint, Barrow was living with a friend and his friend's girlfriend. The girlfriend had one child, six months old, however, Barrow claimed that she had never employed a baby-sitter. The return does not state that Barrow was mailed a copy of the summons by first class mail after the summons and complaint were left at his home. Following the default judgment, Barrow filed a Verified Motion for Relief from Default Judgment in the trial court, and the trial court ordered a hearing. At the hearing, Barrow attempted to present a meritorious defense. The meritorious defense was mentioned in the motion for relief from judgment, but the defense was not specifically pleaded. The trial court stated that Trial Rule 60 requires meritorious defenses to be specifically pleaded in motions for relief from judgment, and therefore, did not allow Barrow to present evidence of his defense.[1]

### Discussion and Decision

#### I.

Barrow argues that the service of process failed to comply with T.R. 4.1(B) because a copy of the summons was not mailed by first-class mail to his last known address following service of process pursuant to T.R. 4.1(A)(3).

■ Indiana Trial Rule 4.1(A)(3) states that service may be made upon an individual by "leaving a copy of the summons and complaint at his dwelling house or usual place of abode." When serving an individual in this manner, however, T.R. 4.1(B) states that the person making such service "shall" mail a copy of the summons to the defendant's last known address. Thus, Pennington did not comply with the terms of the Indiana Trial Rules. Indiana Trial Rule 4.15(F), however, states that no summons or service of process shall be set aside if either is "reasonably calculated" to inform the defendant of the impending action against him. Thus, T.R. 4.15(F) will prevent service of process which is technically deficient from defeating the personal jurisdiction of a court. *Glennar Mercury–Lincoln, Inc. v. Riley,* 167 Ind.App. 144, 338 N.E.2d 670, 676 (1975); *LaPalme v. Romero,* 621 N.E.2d 1102, 1106 (Ind.1993). If service of process is not calculated to "reasonably inform," the mere fact that the defendant has knowledge of the action will

---

1. Although we do not reach this point today, we conclude that the trial court erred when it did not allow Barrow to present evidence of his meritorious defense at the hearing. Barrow properly notes that T.R. 60(D) does not require a movant to plead specific facts in the motion for relief from judgment regarding meritorious defenses asserted therein. *Id.*

not grant the court personal jurisdiction. *Id.* 338 N.E.2d at 675.

■ The issue before this court, therefore, is whether Trial Rule 4.1(B) is mandatory or whether T.R. 4.15(F) will cure noncompliance with the same. We have already addressed this same issue in *Chesser v. Chesser*, 168 Ind.App. 560, 343 N.E.2d 810 (1976). In *Chesser*, the summons and complaint were delivered to the home of the defendant-husband; however, the evidence indicated that the husband had moved out of the home. *Id.* at 810. We held that the husband should have been mailed a copy of the summons pursuant to T.R. 4.1(B). *Id.* at 812. The language of the case is not clear as to whether the failure of service resulted from noncompliance with T.R. 4.1(B) alone, or whether compliance with T.R. 4.1(B) was required only because the defendant was no longer living at the house.[2] Today, we hold that compliance with T.R. 4.1(B), itself, is a jurisdictional prerequisite to obtaining personal jurisdiction.

■ Indiana Trial Rule 4.1(B) is unambiguously mandatory. The rule states that follow-up service "shall" be mailed if service of process is made pursuant to T.R. 4.1(A)(3). A trial rule which is unambiguous on its face "need not and cannot be interpreted by a court." *Storey Oil Company, Inc. v. American States Insurance Company*, 622 N.E.2d 232, 235 (Ind.Ct.App.1993). In *Idlewine v. Madison County Bank and Trust Co.*, 439 N.E.2d 1198 (Ind.Ct.App.1982), we held that a joint summons delivered to the husband at the husband's and wife's residence was insufficient service of process on the wife. *Id.* In particular, we held that "[s]tatutes prescribing the manner of service of summons are mandatory, and must be strictly complied with to vest the court with jurisdiction." *Id.* at 1201 (citing *Chaney v. Reddin* 201 Okla. 264, 205 P.2d 310 (1949)).

Moreover, T.R. 4.15(F) will not excuse noncompliance with trial rule 4.1(B). We have previously concluded that failure to technically comply with the trial rules will not defeat a trial court's jurisdiction so long as a party substantially complies with the trial rules. *See Glennar*, 338 N.E.2d at 675. In all such cases, however, there was some attempt to comply with all of the relevant and mandatory trial rules. *See LaPalme*, 621 N.E.2d at 1106 (holding that T.R. 4.15(F) only cures technical defects in service of process, not a total failure to serve process). Accordingly, in *Idlewine*, we also stated that T.R. 4.15(F) will not cure defective service of process where no person authorized by the rules was actually served. *Idlewine*, 439 N.E.2d at 1201.

■ In the present case, there was no attempt whatever to comply with T.R. 4.1(B). Furthermore, the rules do not contemplate any person who is authorized to accept service of process for the defendant at the defendant's home other than the defendant himself.[3] Thus, we conclude that service of process in contravention of T.R. 4.1(B) is not sufficient to confer personal jurisdiction over a defendant upon the trial court. Accordingly, the trial court did not obtain personal jurisdiction over Barrow.

Reversed.

KIRSCH and STATON, JJ., concur.

---

**2.** According to a reference in *1 Harvey, Indiana Practice*, 98 (1987), *Chesser* holds that noncompliance with Trial Rule 4.1(B) is dispositive.

**3.** Under a provision of the Indiana Trial Rules which was deleted in 1971, a person of "suitable age and discretion" at the defendant's home was authorized to accept service of process for the defendant. *See* Rules of Trial Procedure: West's Annotated Indiana Code, Title 34, Historical Notes, Trial Rule 4.1. Trial Rule 4.1(B) was added in the same year that this provision was deleted. *See id.* Thus, it is clear that the intention of our supreme court was to preclude service of process at a defendant's home on anyone other than the defendant unless service of process were followed by mailing the summons to the defendant by first-class mail.