George SELLS, IV, and Heidi Thiel, Plaintiffs–Appellees,

v.

Jeff BERRY, Defendant–Appellant.

No. 01–1199.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 2001.*

Decided Nov. 20, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before WOOD, Jr., RIPPLE, and WILLIAMS, Circuit Judges.

### ORDER

Television journalists George Sells and Heidi Thiel, both Kentucky citizens, brought this diversity suit against Jeffery Berry, the Imperial Wizard of the American Knights of the Ku Klux Klan and a citizen of Indiana, alleging that Mr. Berry and his Klan followers falsely imprisoned them in Mr. Berry's home and assaulted them with a shotgun when they refused to relinquish videotapes of their interview with Mr. Berry. The district court granted a default judgment against Mr. Berry, and he appeals.

Although Mr. Berry was never handed the plaintiffs' complaint in person, he did notify the court that he received it on February 10, 2000, and requested additional time to respond. A magistrate judge ordered Mr. Berry to file an answer by March 15, and when Mr. Berry had not responded to the complaint by April 20, the clerk, at the plaintiffs' request, entered a default. *See* Fed.R.Civ.P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.").

Mr. Berry appeared at a pretrial conference on April 25 where he and the plaintiffs consented to the exercise of jurisdiction by the magistrate judge. *See* 28 U.S.C. § 636(c). At the conference, the court explained that the default was entered because Mr. Berry had failed to "file an answer to the complaint within the time allowed by the Federal Rules of Civil Procedure," and that, as a result, his liability was conclusively determined. When Mr. Berry expressed a desire to contest liability, the court advised him to file a motion explaining why the default should be set aside, giving particular attention to any meritorious defenses. Mr. Berry also asked for a "court-appointed lawyer," and the magistrate judge gave him a questionnaire to complete addressing his financial status and his efforts to retain counsel.

On May 3 Mr. Berry filed the questionnaire and a motion to set aside the entry of default. On the questionnaire Mr. Berry averred that he owned a $50,000 home with a $12,000 mortgage. He also listed three attorneys who had refused to take his case, one because of Mr. Berry's "beliefs," another because of a "conflict of interest," and another because he was "too busy." In his motion to set aside the

default, Mr. Berry contended that he was never personally served with the plaintiffs' complaint and had been unable to retain an attorney.

The magistrate judge denied both motions in a June 8, 2000 order. Regarding Mr. Berry's motion for counsel, the court noted that he had $38,000 of equity in his home and was thus financially able to hire an attorney, and that he was in any event capable of representing himself based on his filings and his performance at the conference. The court found that neither Mr. Berry's pro se status nor the allegedly improper service qualified as good cause for letting the complaint go unanswered, *see* Fed.R.Civ.P. 55(c), and noted that in any event service had been proper under Indiana Rule of Trial Procedure 4.1(A)(3) & (B). That rule permits service by leaving copies of the summons and complaint at the defendant's "dwelling house or usual place of abode" and then mailing another copy of the summons to the defendant's last known address, *see* Ind. R. Tr. P. 4.1, and the magistrate judge concluded that compliance was established by the process server's averment that copies of the summons and complaint were left at Mr. Berry's address on January 19, 2000, and a copy of the summons mailed there on February 3. *See also* Fed.R.Civ.P. 4(e)(1) (permitting service "pursuant to the law of the state in which the district court is located, or in which service is effected").

The plaintiffs then moved for a judgment by default and a hearing to determine the amount of damages. *See* Fed. R.Civ.P. 55(b)(2)(party seeking judgment by default shall apply to the court in cases where the amount of the claim cannot be made certain by computation; the court may then conduct a hearing to determine damages). After a hearing on October 10, at which Mr. Berry represented himself, the magistrate judge on December 29,

2000, entered judgment awarding each plaintiff $60,000 in compensatory and punitive damages. Mr. Berry filed a timely notice of appeal on January 22, 2001. On April 10, 2001, after this appeal had been docketed, Mr. Berry moved to set aside the default judgment under Federal Rule of Civil Procedure 60(b) and, at the same time, finally filed an answer to the plaintiffs' complaint. The magistrate judge struck Mr. Berry's answer and, on June 13, 2001, denied his Rule 60(b) motion.

On appeal Mr. Berry first contends that the magistrate judge erred in denying his May 2000 motion to set aside the entry of default because his excuse—"lack of knowledge" of procedural rules—constitutes "good cause" for his default. *See* Fed.R.Civ.P. 55(c) (court may set aside entry of default for good cause shown). Mr. Berry insists that he did not know he was required to file a written answer; he planned instead to "answer" the plaintiffs' allegations in person at the pretrial conference. The record belies this contention: the summons that the process server left at Mr. Berry's residence and also mailed him (and which Mr. Berry admits he received more than two months before the default was entered) directed Mr. Berry to file an answer within twenty days of service or face a judgment of default for the relief sought in the complaint. Moreover, the court, in granting Mr. Berry's motion for an extension of time, "ordered [Mr. Berry] to file an answer on or before March 15, 2000."

In any event Mr. Berry never raised this argument in his motion to set aside the entry of default, and instead made it for the first time in his post-judgment Rule 60(b) motion. Mr. Berry cannot challenge any issues related to the denial of his Rule 60(b) motion because he failed to file a separate notice of appeal from that denial. *See Goffman v. Gross,*

59 F.3d 668, 672–73 (7th Cir.1995); *Reed v. AMAX Coal Co.*, 971 F.2d 1295, 1301 (7th Cir.1992) ("This circuit requires a separate notice for the denial of a motion under Rule 60(b)").

Mr. Berry next argues that the default judgment is void for lack of personal jurisdiction. *See, e.g., United States v. Kramer*, 225 F.3d 847, 857 (7th Cir.2000) (noting the "longstanding rule, both in federal and state jurisprudence, that a default judgment in a civil case is void if there is no personal jurisdiction over the defendant"). But Mr. Berry contends only that the plaintiffs failed to properly effect abode service under Federal Rule of Civil Procedure 4(e)(2) because, he says, the man with whom the process server left the summons and complaint was not a "person of suitable discretion" and did not "reside" in Mr. Berry's home. *See* Fed.R.Civ.P. 4(e)(2) (service may be effected by leaving a copy of the summons and complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein). The facts would seem to suggest otherwise: the magistrate judge found that the man who accepted the summons lived on Mr. Berry's property and was watching his house, and Mr. Berry concedes that he received the summons from the person it was left with.

Still, we need not decide whether service was proper under Rule 4(e)(2) because Mr. Berry ignores Rule 4(e)(1), which provides that service may be effected "pursuant to the law of the state in which the district court is located." Indiana law permits service by leaving a copy of the summons and complaint at an individual's home and sending a copy of the summons via first class mail. *See* Ind. R. Tr. P. 4.1(A)(3), (B). Under this method, personal service need not be effected on anyone in particular, so Mr. Berry's contention that the

neighbor was not qualified to receive process on his behalf is irrelevant. *See Barrow v. Pennington*, 700 N.E.2d 477, 479 & n.3 (Ind.Ct.App.1998) (rule permits service of process at a defendant's home on someone other than the defendant so long as a follow-up copy of summons is mailed). We see no problems with the procedure that the process server attested he followed, and Mr. Berry points to none.

Mr. Berry further contends that the magistrate judge erred in failing to appoint counsel to assist him. Again, we disagree. As a civil litigant Mr. Berry had no statutory or constitutional right to counsel, *see Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir.1995), and the court could not have abused its discretion by declining to solicit attorneys to represent him free of charge given the court's determination that Mr. Berry was not indigent. *See* 28 U.S.C. § 1915(e)(1) ("court may request an attorney to represent any person *unable to afford counsel*"). Indeed, Mr. Berry offers no explanation why the court's ruling was an abuse of discretion, and we see none. *See Zarnes*, 64 F.3d at 288 (denial of appointed counsel is reviewed for abuse of discretion and reversed only when a violation of due process results).

Finally, Mr. Berry argues that he was denied his right to a jury trial. But given the entry of default, Mr. Berry had no right to a jury trial on either liability, *see Bass v. Hoagland*, 172 F.2d 205, 209 (5th Cir.1949); 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688 (3d ed.1998), or damages, *see Dierschke v. O'Cheskey*, 975 F.2d 181, 185 (5th Cir.1992); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990); *Eisler v. Stritzler*, 535 F.2d 148, 153 (1st Cir.1976); 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688 (3d ed.1998). Contrary to Mr. Berry's suggestion that 28 U.S.C. § 1861

grants all litigants the right to a jury trial, that statute merely guarantees a fair cross-section of jurors for litigants already entitled to trial by jury. In the case of a default, only 28 U.S.C. § 1874 may guarantee a right to a jury trial, and that statute applies only to "actions to recover the forfeiture annexed to any articles of agreement, covenant, bond, or other specialty." *See* Fed.R.Civ.P. 55(b)(2) (if a hearing is required before entry of a default judgment, court "shall accord a right of trial by jury to the parties when and as is required by any statute of the United States"); 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688 (3d ed.1998) (for purposes of Rule 55(b)(2), the "only relevant statute" is § 1874).

Accordingly, the judgment of the district court is AFFIRMED.