### SWIGGETT LUMBER CONSTRUCTION· CO., INC., Appellant–Defendant,

v.

### Barbara QUANDT and Gregg Page, Appellees–Plaintiffs.

### No. 32A04–0310–CV–532.

Court of Appeals of Indiana.

April 20, 2004.

James D. Witchger, Ashley A. Howell, Rocap Witchger, LLP, Indianapolis, IN, Attorneys for Appellant.

Leonardo D. Robinson, F. Ronalds Walker, Plews Shadley Racher & Braun, Indianapolis, IN, Attorneys for Appellees.

## OPINION

FRIEDLANDER, Judge.

Swiggett Lumber Construction Co., Inc. (Swiggett) appeals the trial court's denial of Swiggett's Motion to Set Aside Default Judgment. Swiggett presents the following consolidated and restated issued for review: Did the trial court err when it denied Swiggett's motion to set aside default judgment for insufficiency of service of process?

We reverse and remand.

The undisputed facts reveal that on January 17, 2003, Barbara Quandt and Gregg Page (collectively referred to as Quandt) filed a complaint against Swiggett, alleging that Swiggett failed to perform work under a construction contract in a workmanlike manner. A summons addressed to Gordon L. Hall,[1] as the registered agent, at Swiggett's business address of 329 South 9th Street, Zionsville, Indiana, was filed with the complaint. Service on agent and service by registered or certified mail was requested on the summons. On February 12, the summons and complaint sent by certified mail were returned as unclaimed. Thereafter, Quandt filed an alias summons directed to Hall as registered agent at the same address, requesting personal or copy service on Hall. The return service on this summons reveals that on February 26, the process server for the Boone County Sheriff's Department was unable to complete service of the summons and complaint to Hall because the door to the business was locked. The process server, therefore, inserted the summons and complaint through the mail slot in the door to the business.

On March 4, 2003, a second alias summons was filed by Quandt. The summons requested personal or copy service on Hall

---

1. Hall is the owner, president, and registered agent of Swiggett.

at his residence, 1104 Becker Drive, Zionsville, Indiana. Finding no one present at Hall's residence, the process server returned to the business on March 7. A young man inside the building answered the door and identified himself as an employee of Swiggett. The employee stated that Hall was not present at the time. The process server handed the summons and complaint to the employee, referring to the documents as court papers for Hall, and indicated to the employee that he should be sure to give them to Hall. The employee agreed. Swiggett, however, never answered the complaint.

Upon Quandt's motion, the trial court entered a default judgment against Swiggett on April 15, 2003 and set a hearing on the issue of damages. Prior to the default judgment, Hall had no knowledge of the lawsuit or of the attempts to serve him with the complaint and summons. Hall did not become aware of the lawsuit or default judgment until late-June 2003, at which time plaintiffs' counsel telephoned Hall and informed him of the damages hearing scheduled for June 24, 2003. Hall immediately contacted his attorney, who entered an appearance for Swiggett on June 23 and filed a motion for continuance of the hearing. The trial court continued the hearing to July 22, 2003. Swiggett filed its motion to set aside default judgment on July 11, which the trial court subsequently denied. Swiggett now appeals.

■ Swiggett argues that the default judgment is void and should be set aside pursuant to Indiana Trial Rule 60(B)(6) because the trial court lacked personal jurisdiction over Swiggett due to inadequate service of process.[2]

When asked to review a trial court's decision to not set aside a judgment we give the trial court substantial deference on appeal. We are limited to determining whether the trial court abused its discretion, which occurs when the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. We may not reweigh the evidence or substitute our judgment for that of the trial court. And upon a motion for relief from judgment, the movant has the burden to show "sufficient grounds for relief under Ind[iana] Trial Rule 60(B)."

*Morequity, Inc. v. Keybank, N.A.,* 773 N.E.2d 308, 313 (Ind.Ct.App.2002) (citations omitted), *trans. denied.* While the decision to set aside a default judgment is largely the province of the trial court, Indiana disfavors default judgments and prefers resolution of a cause on its merits. *See King v. United Leasing, Inc.,* 765 N.E.2d 1287 (Ind.Ct.App.2002). Therefore, "any doubt as to the propriety of a default judgment is to be resolved in favor of the defaulted party." *Boczar v. Reuben,* 742 N.E.2d 1010, 1016 (Ind.Ct.App. 2001).

■ "If service of process is inadequate, the trial court does not acquire personal jurisdiction over a party, and any default judgment rendered without personal jurisdiction is void." *King v. United Leasing, Inc.,* 765 N.E.2d at 1290. Service upon an organization is governed by Indiana Trial Rule 4.6, which provides in relevant part:

**2.** While Swiggett did not specifically cite T.R. 60(B)(6) in its motion for relief from judgment, the motion clearly raised the issue of whether the trial court lacked personal jurisdiction to enter the default judgment. *See,* *e.g., Appellant's Appendix* at 24 ("[w]ithout service upon the Defendant, this Court has not obtained jurisdiction over this matter, and cannot properly enter a default judgment").

**(A) Persons to be served.** Service upon an organization may be made as follows:

(1) In the case of a domestic or foreign organization upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent.

\* \* \*

**(B) Manner of service.** Service under subdivision (A) of this rule shall be made on the proper person in the manner provided by these rules, for service upon individuals. . . .

Quandt acknowledges that by choosing to serve Hall as the agent for service of process, Indiana Trial Rule 4.1 was implicated. T.R. 4.1 governs service upon individuals and provides in pertinent part as follows:

**(A) In General.** Service may be made upon an individual, or an individual acting in a representative capacity, by:

(1) sending a copy of the summons and complaint by registered or certified mail or other public means by which written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or

(2) delivering a copy of the summons and complaint to him personally; or

(3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or

(4) serving his agent as provided by rule, statute or valid agreement.

**(B) Copy Service to Be Followed With Mail.** Whenever service is made under Clause (3) or (4) of subdivision (A), the person making the service also shall send by first class mail, a copy of the summons without the complaint to the last known address of the person being served, and this fact shall be shown upon the return.

██ On appeal, Quandt does not directly dispute Swiggett's assertion that, at best, Hall was served by copy service and that said copy service was not followed by mailing the summons to Halls's last known address as required by T.R. 4.1(B). Rather, Quandt relies on the "saving language", *Appellee's Brief* at 4, in Indiana Trial Rule 4.15(F), which provides that no summons or service of process shall be set aside or adjudged insufficient if either is "reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond." T.R. 4.15(F). In sum, Quandt contends that copy service at the business to an unidentified employee of Swiggett, who represented that he understood the nature of the summons and agreed to deliver the documents to Hall, constituted service reasonably calculated to inform Hall that an action had been instituted against Swiggett. We cannot agree.

When serving an individual by copy service, T.R. 4.1(B) states that the person making such service "shall" mail a copy of the summons to the defendant's last known address. *Id.; see also Barrow v. Pennington,* 700 N.E.2d 477, 479 (Ind.Ct. App.1998) ("Indiana Trial Rule 4.1(B) is unambiguously mandatory"). In *Barrow v. Pennington,* we confronted the precise issue presented in this case, that is: "whether T.R. 4.1(B) is mandatory or whether T.R. 4.15(F) will cure noncompliance with the same." *Barrow v. Pennington,* 700 N.E.2d at 479. In the context of a default judgment, we held that "compliance with T.R. 4.1(B), itself, is a jurisdictional prerequisite to obtaining personal

jurisdiction" and that "T.R. 4.15(F) will not excuse noncompliance with trial rule 4.1(B)." *Id.*[3] We explained:

> We have previously concluded that failure to technically comply with the trial rules will not defeat a trial court's jurisdiction so long as a party substantially complies with the trial rules. In all such cases, however, there was some attempt to comply with all of the relevant and mandatory trial rules. Accordingly, in *Idlewine* [*v. Madison Cty. Bank & Trust Co.*, 439 N.E.2d 1198 (1982)], we also stated that T.R. 4.15(F) will not cure defective service of process where no person authorized by the rules was actually served.

*Barrow v. Pennington*, 700 N.E.2d at 479 (citations omitted); *see also LaPalme v. Romero*, 621 N.E.2d 1102, 1106 (Ind.1993) ("Indiana case law holds that T.R. 4.15(F) only cures technical defects in the service of process, not the total failure to serve process"); *Volunteers of Am. v. Premier Auto Acceptance Corp.*, 755 N.E.2d 656, 660 (Ind.Ct.App.2001) ("[T.R.4.15(F)] is intended to reduce the number of challenges to service of process because of technical defects in the service"); *Kelly v. Bennett*, 732 N.E.2d 859 (Ind.Ct.App.2000) ("under these circumstances, Trial Rule 4.15(F) does not operate to render service sufficient despite noncompliance with Trial Rule 4.1").

Here, we are not confronted with merely a technical defect in service of process, as there was no attempt whatsoever to comply with T.R. 4.1(B).[4] Furthermore, the rules do not contemplate that an unidentified employee of unknown position within a corporation is authorized to accept service of process for the corporation's registered agent. Because service of process was inadequate in the instant case, the trial court did not have personal jurisdiction over Swiggett, and the default judgment entered against Swiggett is void. Therefore, we reverse the judgment of the trial court, set aside the default judgment against Swiggett, and remand for further proceedings consistent with this opinion.

Judgment reversed and remanded.

KIRSCH, C.J., and BARNES, J., concur.

---

**3.** In *Boczar v. Reuben*, 742 N.E.2d 1010, a case where the plaintiff failed to follow the procedural dictates of T.R. 4.1(B), we distinguished *Barrow* by noting that "the exigencies compelling the *Barrow* holding are absent here." *Boczar v. Reuben*, 742 N.E.2d at 1016. Specifically, no one disputed that the Boczars received the complaint and summons, the Boczars were not prejudiced by the failure to send the separate summons by mail, and the case did not involve an appeal of a default judgment. We noted that the purpose behind T.R. 4.1(B) "is to increase the odds that the served party will receive timely notice of the suit." *Boczar v. Reuben*, 742 N.E.2d at 1016.

Because the Boczars had timely notice, we concluded that to require the mailing of a separate summons would "neither further T.R. 4.1(B)'s purpose nor secure the just determination of [the] action." *Id.* In the instant case, unlike *Boczar*, the exigencies compelling the *Barrow* holding are present.

**4.** Contrary to Quandt's assertion, *Washington v. Allison*, 593 N.E.2d 1273 (Ind.Ct.App.1992) is not controlling in this matter. In that case, copy service was followed by mailing a copy of the summons to the defendant in an attempt to comply with T.R. 4.1(B).