David D. LePORE, a/k/a Donald Lepore, Appellant–Defendant,

v.

NORWEST BANK INDIANA, N.A., Appellee–Plaintiff.

No. 45A05–0608–CV–418.

Court of Appeals of Indiana.

Jan. 25, 2007.

Benjamen W. Murphy, Murphy Yoder Law Firm, P.C., Merrillville, IN, Attorney for Appellant.

Christine M. Stach, Rothberg Logan & Warsco, LLP, Fort Wayne, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, David D. LePore, a/k/a Donald LePore (Donald), appeals the trial court's denial of his Motion to Set Aside Default Judgment upon the trial court's entry of a Default Judgment in favor of Appellee–Plaintiff, Norwest Bank Indiana, N.A. (Norwest).

We affirm.

### ISSUE

Donald raises one issue on appeal, which we restate as follows: Whether the trial court erred when it denied Donald's Motion to Set Aside Default Judgment finding that it had personal jurisdiction over Donald as he was properly served pursuant to Indiana Trial Rule 4.1.

### FACTS AND PROCEDURAL HISTORY

On May 22, 1998, Norwest filed a Complaint against David Lepore (David) based on a defaulted Consumer Credit Sale Contract for a snowmobile. On May 26, 1998, the Lake County Sheriff unsuccessfully attempted to obtain service at David's business located at 7725 W. Lincoln Highway, in Schererville, Indiana. Thereafter, an Alias Summons was issued for service on David at 8916 Ditola Ct., in St. John, Indiana, asserting that service would be made by "[r]eturn to [Norwest's] attorney for certified mail service." (Appellant's App. p. 15). While the return indicates that the Sheriff served the writ by leaving a copy at the residence, it failed to note whether a copy of the summons was sent by first class mail. Subsequently, on July 9, 1998, Norwest's counsel sent a copy of the Alias Summons and Complaint to David at the St. John residence by certified mail. This certified mail was returned with the post office stamp "moved, left no address," and a handwritten annotation "doesn't live at this address." (Appellant's App. p. 63). On September 2, 1998, the trial court entered a default judgment in favor of Norwest and against David. At all relevant times Donald resided at the St. John address and owned a business located at the Schererville address.

Some time after the trial court's Order, Norwest became aware that David was in fact Donald. Subsequently, on February 19, 2004, Norwest filed a proceeding supplemental against Donald. Eventually, on July 19, 2005, Donald appeared at the trial court's hearing, denying he had signed a Consumer Credit Sale Contract and denying to be David. Two days later, the trial court entered an Order finding "the signatures on the documents in question are those of [Donald]. [Donald] shall be liable for the judgment in this cause." (Appellant's App. p. 4).

Following the trial court's Order, Donald filed a Motion to Set Aside Default Judgment asserting that the default judgment was void as he was never provided notice and given an opportunity to defend the claim on its merits. On January 31, 2006, the trial court heard arguments from both parties, and found on February 7, 2006, that it had personal jurisdiction over Donald. Accordingly, the trial court denied Donald's Motion to Set Aside the Default Judgment.

Donald now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Donald contends that the trial court erred in denying his Motion to Set Aside Default Judgment. Specifically, Donald asserts that because the process server did not mail a copy of the Summons by first class mail after leaving a copy of the Complaint and Summons at his residence, the trial court never acquired personal jurisdiction over him. Accordingly, he maintains that the default judgment entered by the trial court is void and should be set aside.

 In general, we review a trial court's denial of a motion to set aside judgment for an abuse of discretion, and in so doing, determine whether the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment. *Swiggett Lumber Constr. Co., Inc. v. Quandt,* 806 N.E.2d 334, 336 (Ind.Ct.App.2004). However, the existence of personal jurisdiction over a defendant is a question of law. *Thomison v. IK Indy, Inc.,* 858 N.E.2d 1052 (Ind.Ct. App. 2006). Thus, we review a trial court's determination regarding personal jurisdiction *de novo. Id.* A plaintiff is responsible for presenting evidence of a court's personal jurisdiction over the defendant, but the defendant ultimately bears the burden of proving the lack of personal jurisdiction by a preponderance of the evidence, unless that lack is apparent on the face of the complaint. *Id.*

 Donald's sole argument focuses on the ineffectiveness of service. Ineffective service of process prohibits a trial court from having personal jurisdiction over the defendant. *Id.* A judgment entered against a defendant over whom the trial court did not have personal jurisdiction is void. *Id.* The appropriate method for serving process on an individual is outlined in T.R. 4.1 which provides:

(A) In General. Service may be made upon an individual, or an individual acting in a representative capacity, by:

(1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or

(2) delivering a copy of the summons and complaint to him personally; or

(3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or

(4) serving his agent as provided by rule, statute or valid agreement.

(B) Copy Service to Be Followed With Mail. Whenever service is made under Clause (3) or (4) of subdivision (A), the person making the service also shall send by first class mail, a copy of the summons without the complaint to the last known address of the person being served, and this fact shall be shown upon the return.

Donald does not appear to dispute that on June 24, 1998, the Sheriff served the Summons by leaving a copy of the Complaint and Summons at his residence.

However, he does contend that the trial court lacked personal jurisdiction because Norwest did not provide him with copy service by first class mail pursuant to T.R. 4.1(B). On the other hand, Norwest argues that the Sheriff's delivery of the Complaint and Summons together with Norwest counsel's certified mailing to Donald's residence was reasonably calculated to inform Donald of the pending action against him and thus satisfies the requirements of Indiana's trial rules.

In support of their respective arguments, both parties rely on the same set of cases.[1] In *Barrow v. Pennington,* 700 N.E.2d 477, 478 (Ind.Ct.App.1998), a sheriff allegedly delivered a summons and complaint to Barrow's home and left them with his babysitter. However, Barrow had no children and did not employ a babysitter. *Id.* Eventually, the trial court entered a default judgment against Barrow. *Id.* On appeal, Barrow argued that the service of process did not comport with the dictates of T.R. 4.1(B) because a separate summons was not mailed to his last known address and, therefore, the trial court never acquired jurisdiction over him. *Id.* The court agreed and held that "T.R. 4.1(B), itself, is a jurisdictional prerequisite to obtaining personal jurisdiction." *Id.* at 479. In other words, "service of process in contravention of T.R. 4.1(B) is not sufficient to confer personal jurisdiction over a defendant." *Id.* At the same time, the *Barrow* court analyzed T.R. 4.1(B) in light of T.R. 4.15(F) which states that "no summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and

the time within which he is required to respond." In this regard, the *Barrow* court stated that T.R. 4.15(F) will "not excuse noncompliance with [T.R.] 4.1(B)" when there is no attempt to comply with T.R. 4.1(B).

The parties also rely on *Swiggett Lumber Constr. Co., Inc. v. Quandt,* 806 N.E.2d 334 (Ind.Ct.App.2004). In *Swiggett,* the plaintiffs requested service on Swiggett's agent followed by service by registered or certified mail. *Id.* at 335. The summons and complaint sent by certified mail were returned as unclaimed. *Id.* Thereafter, Quandt filed an alias summons directed to the agent at the same address, requesting personal or copy service on him. *Id.* However, the process server was unable to complete service because the door to the business was locked. *Id.* As an alternative, the process server inserted the summons and the complaint through the mail slot in the door to the business. *Id.* Quandt filed a second alias summons and again requested personal or copy service on Swiggett's agent. *Id.* When the process server arrived at the business, a young man inside the building answered the door and identified himself as a Swiggett employee. *Id.* The process server handed the documents to the employee, referring to them as court papers for the agent, and indicated to the employee that he should be sure to give them to Swiggett's agent. *Id.* Swiggett never answered the complaint and the trial court entered a default judgment. *Id.* On appeal, Quandt relied on T.R. 4.15(F) and asserted that copy service at the business to an unidentified employee, who represented that he understood the nature of the summons and agreed to deliver the documents to the

---

1. We acknowledge that Donald also relies on *Jones v. Flowers,* 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006). However, we find his reliance to be misplaced as *Jones* deals with the adequate notice requirements to satisfy the constitutional safeguards with regard to the tax sale of Jones' real estate.

agent, constituted service reasonably calculated to inform the agent that an action had been instituted against the principal. *Id.* at 337.

In its analysis, the *Swiggett* court made a distinction between earlier case law and the *Barrow* decision. *Id.* at 338. Noting that in the factual situations of the earlier case law there was some attempt to comply with all of the relevant and mandatory trial rules, we found these cases to stand for the proposition that failure to technically comply with the trial rules will not defeat a trial court's jurisdiction so long as a party substantially complies with the trial rules. *Id* We compared this case law with *Barrow* which required adherence to T.R. 4.1(B) in the event of a complete absence of any attempt to comply with the trial rules. *Id.* Applying the two lines of cases, we concluded that *Swiggett* did not constitute a mere technical defect in the service of process. *Id.* Rather, based on the facts, we found that there was no attempt whatsoever to comply with T.R. 4.1(B).

Accordingly, concluding that *Barrow* was dispositive, we reversed the default judgment as the trial court never established personal jurisdiction over Swiggett. *Id.*

■ Here, we are not confronted with a complete lack of compliance with T.R. 4.1(B). Donald received a copy of the Complaint and Summons when the Sheriff left the documents at his residence in accordance with T.R. 4.1(A)(3). However instead of mailing a copy by first class mail as prescribed by T.R. 4.1(B), Norwest used certified mail. We conclude that even though Norwest did not technically comply with the rules, unlike *Barrow* and *Swiggett*, an attempt was made to effectuate service. Based on the evidence, we find that Norwest's actions substantially complied with T.R. 4.1(B) and were reasonably calculated to inform Donald that an action had been instituted against him. *See* T.R. 4.15(F).

■ The fact that the certified mailing was returned to Norwest with the annotation "moved, left no address" does not alter our conclusion. As the trial court determined in its Order that David and Donald are the same person and Donald does not appear to challenge this specific finding, we agree that pursuant to T.R. 4.16(A)(2), "[a] person who has refused to accept the offer or tender of the papers being served thereafter may not challenge the service of those papers." Therefore, we find that the trial court established personal jurisdiction over Donald. Thus, we refuse to set aside the default judgment entered against Donald.

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly denied Donald's Motion to Set Aside Default Judgment.

Affirmed.

KIRSCH, C.J., and FRIEDLANDER, J., concur.