**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2015[*]
Decided September 23, 2015

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-1612

| | |
|---|---|
| GERMAN AMERICAN FINANCIAL ADVISORS AND TRUST COMPANY as Trustee of the Robert G. Woodward, Sr. Roth IRA,<br>     *Plaintiff-Appellee,*<br><br>     *v.*<br><br>JERRY C. RIGSBY and MARY F. RIGSBY,<br>     *Defendants-Appellants.* | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division.<br><br>No. 3:14-cv-00118-RLY-WGH<br><br>Richard L. Young, *Chief Judge.* |

**O R D E R**

Jerry and Mary Rigsby appeal from a judgment for the plaintiff in this suit under the diversity jurisdiction to enforce a promissory note. The plaintiff prevailed on an unopposed motion for summary judgment, and like the district court, we conclude that the Rigsbys' default and liability on the note are undisputed.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

The Rigsbys, a married couple domiciled in North Carolina, purchased a Florida condominium in 2006 from the Robert G. Woodward, Sr. Roth IRA. The seller financed the transaction, and in 2009, after the Rigsbys had stopped making payments, the parties reached a settlement requiring that the Rigsbys convey the property to Wachovia Bank, as trustee for the seller, and execute a note promising to pay Wachovia $200,000 in June 2014 to account for the drop in market value. The promissory note provides that any lawsuit arising from the note will be brought in Monroe County, Florida, or the United States District Court for the Southern District of Indiana and be governed by Florida law. Wachovia later was acquired by Wells Fargo, which then assigned the note to the plaintiff, German American Financial Advisors & Trust Company. The plaintiff is incorporated, and has its principal place of business, in Indiana. The Rigsbys did not pay the note when it came due, and German American filed this action in the Southern District of Indiana.

Only Jerry Rigsby answered the complaint. He objected to venue in Indiana, arguing that the couple's settlement with the seller requires that all disputes arising from that agreement be heard by a court sitting in Monroe County, Florida. Jerry did not mention the broader forum-selection clause in the promissory note.

German American moved for summary judgment against the Rigsbys and also asked the clerk of the district court to enter default against Mary Rigsby. The plaintiff submitted a trust officer's affidavit attesting that the Rigsbys had not paid the note and owed the principal plus late fees, interest, and attorney's fees. German American's attorney also submitted an affidavit—not based on personal knowledge—asserting that the company's process server had left a copy of the complaint and summons on the door of Mary's residence.

A week later the clerk entered a default against Mary Rigsby. Not until a month after the default, however, did the couple finally acknowledge the plaintiff's motion for summary judgment. They requested more time to oppose that motion and identified several proposed defenses that they wanted the district court to consider if additional time was not granted. Yet the Rigsbys never followed up with their response, even after a magistrate judge had granted 30 more days and warned that their request for more time could not substitute for a response because it does not comply with Federal Rule of Civil Procedure 56 or the corresponding local rule. The Rigsbys' proposed defenses included a challenge to venue in Indiana and an assertion that North Carolina law does not allow for deficiency judgments, though they did not develop either contention. The

Rigsbys also asserted that the note could not be enforced because they executed it under duress. But they did not dispute signing the note or defaulting when it came due.

German American never asked the district court to enter a default *judgment* against Mary Rigsby, *see* FED. R. CIV. P. 55(b)(2), so the court evaluated the plaintiff's motion for summary judgment as against both spouses. Since neither had opposed the validity of the note or offered evidence of duress, the district court concluded that the Rigsbys' nonpayment on a valid note was undisputed. The court entered judgment against them for $214,403.

On appeal Mary Rigsby first argues that she was not served with process and thus the district court never acquired personal jurisdiction over her. The process server hired by German American filed with the district court a "proof of service" attesting that the summons and complaint had been "taped to the door" of Mary's home in North Carolina. Federal Rule of Civil Procedure 4(e) allows for personal service or, alternatively, leaving the complaint and summons with someone of "suitable age and discretion" at the defendant's residence or else "following state law for serving a summons . . . in the state where the district court is located or where service is made." The plaintiff's process server did none of these things; leaving the papers on the defendant's door is not enough to constitute valid service in either North Carolina or Indiana. *See* IND. R. TRIAL P. 4.1; N.C. R. CIV. P., G.S. § 1A-1, R. 4(j)(1); *Thomison v. IK Indy, Inc.*, 858 N.E.2d 1052, 1055–56 (Ind. Ct. App. 2006); *Gibby v. Lindsey*, 560 S.E.2d 589, 591–92 (N.C. Ct. App. 2002). Indiana does allow for service by leaving the summons and complaint at the defendant's residence if copies also are *mailed* to that address. *See* IND. R. TRIAL P. 4.1(B); *Swiggett Lumber Const. Co. v. Quandt*, 806 N.E.2d 334, 337–38 (Ind. Ct. App. 2004). But as far as the record shows, the process server did not even make this minimal extra effort.

So Mary Rigsby is correct that she was not served with process. Yet a defendant will waive objection to the absence of personal jurisdiction by giving the plaintiff a "reasonable expectation" that she "will defend the suit on the merits." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010); *see Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993); *Gerber v. Riordan*, 649 F.3d 514, 519 (6th Cir. 2011). And Mary signaled that she would defend the suit when she joined her husband in seeking more time to respond to German American's motion for summary judgment. Mary's participation in that motion might seem at first blush too insignificant to waive her defense to personal jurisdiction since asking for additional time to respond to a motion is not the type of activity that typically

will allow a plaintiff to reasonably expect a merits defense to follow. S*ee Mobile Anesthesiologists*, 623 F.3d at 443. What the Rigsbys filed, though, was more than a request for additional time; their submission proposes defenses for the district court to evaluate if more time was not allotted for them to challenge the motion for summary judgment. Mary's participation in this filing waived any objection that she had to personal jurisdiction.

On the merits the Rigsbys don't challenge the validity of, or their failure to pay, the promissory note. They simply rehash the defenses they proposed in requesting additional time to respond to German American's motion for summary judgment. But their legal contentions remain undeveloped. And to the extent that the Rigsbys insist that the note was signed under duress and is unenforceable, they didn't offer any evidence to support this asserted defense. The Rigsbys were warned first by German American, *see Timms v. Franks*, 953 F.2d 281, 285 (7th Cir. 1992), and then by the magistrate judge that a response to a motion for summary judgment must comply with the rules, but they ignored those warnings, s*ee* FED. R. CIV. P. 56; S. DIST. IND. LOCAL R. 56-1; *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 359–60 (7th Cir. 2009) (explaining that district courts are entitled to enforce Federal Rule of Civil Procedure 56 and parallel local rules even against pro se litigants); *Greer v. Bd. of Educ. of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001) (same).

The undisputed evidence submitted by German American entitled the company to summary judgment. The Rigsbys executed a promissory note but defaulted on that note when it came due on June 22, 2014.

AFFIRMED.