REED SIGN SERVICES, INC.,
Appellant–Defendant,

v.

Lynn REID, Appellee–Plaintiff.

No. 34A02–0103–CV–00132.

Court of Appeals of Indiana.

Nov. 30, 2001.

Dan J. May, Kokomo, IN, for Appellant.

Mark A. Scott, King, McCann & Scott, LLP, Kokomo, IN, for Appellee.

## OPINION ON REHEARING

ROBB, Judge.

This case is before us on a petition for rehearing filed by the Appellant Defendant, Reed Sign Service, Inc., requesting that this court reconsider its decision in *Reed Sign Service, Inc. v. Reid,* 755 N.E.2d 690 (Ind.Ct.App.2001). In our original opinion, we held that the trial court did not err in denying Reed Sign's motion to dismiss for lack of personal jurisdiction or in finding Reed Sign in contempt and ordering sanctions. We grant rehearing for the limited purpose of admonishing Reed Sign's counsel against further displays of disrespect for this court.

We begin by noting the first subheading in Reed Sign's Petition for Rehearing, namely "Misstatements of the Record and the Facts by the Court of Appeals." Petition for Rehearing at 3. Reed Sign's counsel also states that "the

Court of Appeals has ignored the obvious answer, ignored binding case precedents, mis-construed the real facts, and mis-stated the record." Petition for Rehearing at 10. These assertions go beyond mere claims of error and imply intentional conduct on the part of this court. As such, they are unacceptable. We instruct counsel to, in future appellate endeavors, adopt a different tone-one that is no less zealous, but which conveys the appropriate respect for an appellate court of this state. *See Maberry v. State,* 748 N.E.2d 881, 887 (Ind.Ct.App.2001).

■ Next, we consider counsel for Reed Sign's lengthy analogy comparing the trial court's ruling in this case to an imagined ruling regarding "an Appeals Court Justice [who] is not retained under the election retention voting." Petition for Rehearing at 4. Counsel goes on to describe the imagined trial court judge as "a fool" and to call the imagined trial court judge's ruling "ridiculous." Petition for Rehearing at 5. Counsel's innuendo is not lost on us. Counsel's statements are not only ineffective legal strategy in a petition for rehearing, they are also disrespectful and offensive.

We suggest Reed Sign's counsel review the Rules of Professional Conduct. We note in particular language from the Preamble to those Rules: "A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials. While it is a lawyer's duty, when necessary, to challenge the rectitude of official action, it is also a lawyer's duty to uphold legal process."

We note that this is not the first situation in which this particular attorney has been directed to review the Rules of Professional Conduct due to a display of disrespect for the judiciary in appellate pleadings. In an unpublished memorandum decision, *Salsbery v. Lalsbery,*

34A02–9912–CV–840, slip op., 736 N.E.2d 350 (Ind.Ct.App.2000), this court cautioned counsel against his tone of attack on both this court and the trial court in his brief. Counsel has now been warned twice; further disregard of our warnings may result in consequences more serious than an admonition.

Finally, we note our receipt of a notice from Appellee Lynn Reid regarding Reed Sign's failure to timely serve him with the Petition for Rehearing. In conjunction with this notice, Lynn Reid renewed his request for appellate fees and damages to be assessed against Reed Sign. In light of the tone of the Petition for Rehearing, we grant Lynn Reid's request for appellate fees relating to the Petition for Rehearing. We further remand the matter to the trial court for execution pursuant to Indiana Appellate Rule 66(E).

We affirm our previous decision in all respects, and we remand for a determination of fees to be paid by counsel for Reed Sign.

BAKER, J., and FRIEDLANDER, J., concur.