Sherry THOMISON, Appellant–
Defendant,

v.

IK INDY, INC., Appellee–Plaintiff.

No. 34A02–0606–CV–476.

Court of Appeals of Indiana.

Dec. 27, 2006.

Dan J. May, Kokomo, IN, Attorney for Appellant.

Jon R. Pactor, Indianapolis, IN, Attorney for Appellee.

## OPINION

**SHARPNACK, Judge.**

Sherry Thomison appeals the trial court's denial of her motion to set aside a default judgment in favor of IK Indy, Inc. ("IK Indy"). Thomison raises six issues, which we consolidate and restate as whether the trial court had personal jurisdiction over Thomison. We affirm.

The relevant facts follow. On September 5, 2000, IK Indy filed a complaint against Abbey Carpets of Kokomo, Inc., Leroy Thomison, and Sherry Thomison alleging that the defendants were indebted to IK Indy in the sum of $9,553.42.[1] On

---

1. Thomison's brief requests that this court conclude that the default judgment entered against Leroy Thomison and Sherry Thomison is void as it was entered without the court ever acquiring personal jurisdiction of the individual defendants. Abbey Carpets does not appeal the judgment. IK Indy argues that "[b]ecause Leroy Thomison failed to file a notice of appeal, he forfeited his right to appeal." Appellee's Brief at 2. IK Indy also filed a motion to strike parts of Thomison's brief which requested relief for Leroy Thomison because only Sherry filed a notice of appeal, only Sherry filed an appellant's case summary, and the caption on her brief lists Sherry as the only appellant. Under Ind. Appellate Rule 42, we "may order stricken from any document any redundant, immateri-

October 10, 2000, the Sheriff left a copy of the complaint and summons at Thomison's residence.[2] On November 8, 2000, IK Indy filed a motion for a default judgment against the defendants, which the trial court granted. On November 22, 2000, Thomison filed a "Voluntary Petition from the United States Bankruptcy Court." Appellant's Appendix at 2. On July 7, 2005, Dan J. May filed his appearance for Leroy and Thomison and filed a motion for relief from judgment and a motion to set aside the default judgment and argued that the trial court lacked personal jurisdiction over Thomison. The trial court denied Thomison's motion. Thomison filed a motion to correct error, which the trial court denied.

Before addressing the merits of Thomison's arguments, we first address IK Indy's arguments that: (A) Thomison has not acted within a reasonable time; and (B) that she has waived her arguments.

A. *Reasonable Time*

■ We first address IK Indy's argument that Thomison has not acted within a reasonable time. Specifically, IK Indy argues that "[t]he trial court's default judgment can be sustained on the basis that [Thomison] was untimely under Trial Rule 60(B)(6)." Appellee's Brief at 5. Ind. Trial Rule 60 provides, in pertinent part:

Relief from judgment or order

(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are

just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

\* \* \* \* \* \*

(6) the judgment is void;

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4).

IK Indy argues that "[a]n attempt to set aside a default judgment nearly five years after knowledge of its existence is not reasonable." Appellee's Brief at 5.

Thomison relies on *Stidham v. Whelchel,* 698 N.E.2d 1152 (Ind.1998), to argue that she "may raise the defense of lack of *in personam* jurisdiction at any time, not just within a reasonable time, and it may be raised in collateral proceedings." Appellant's Brief at 9. In *Stidham,* the Indiana Supreme Court held that "a judgment that is void for lack of personal jurisdiction may be collaterally attacked at any time and that the 'reasonable time' limitation under Rule 60(B)(6) means no time limit." *Stidham,* 698 N.E.2d at 1156. Thus, we conclude that the trial court's denial of Thomison's motion to set aside the default judgment cannot be sustained on the basis that Thomison was untimely under Ind. Trial Rule 60(B)(6).[3] *See, e.g., id.*

---

al, impertinent, scandalous or other inappropriate matter." We strike those portions of Thomison's brief that request relief for Leroy because Leroy did not file a timely notice of appeal or file a joint notice of appeal and consequently forfeited his right to appeal. *See* Ind. Appellate Rule 9(A)(5) ("Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited...."); Ind. Appellate Rule 9(C) ("If two (2) or more persons are entitled to appeal from a single judgment or

order, they may proceed jointly by filing a joint Notice of Appeal. The joined parties may, thereafter, proceed on appeal as a single appellant.").

2. "Thomison" refers to Sherry Thomison as Leroy Thomison forfeited his right to appeal.

3. IK Indy argues that we distinguished *Stidham* in *Collins v. Collins,* 805 N.E.2d 410 (Ind.Ct.App.2004), *reh'g denied, trans. denied.* In *Collins,* we held that "[o]nly after being

## B. *Thomison Waived Any Error*

 Next we turn to IK Indy's argument that Thomison waived any lack of personal jurisdiction. A defendant can waive the lack of personal jurisdiction and submit himself to the jurisdiction of the court if she responds or appears and does not contest the lack of jurisdiction. *Stidham,* 698 N.E.2d at 1155. IK Indy appears to argue that Thomison waived any error because her attorney filed a notice of the bankruptcy with the court and Thomison waited close to five years to challenge the default judgment.

The record reveals that the trial court entered the default judgment on November 8, 2000. The chronological case summary reveals the following entry for November 22, 2000: "Defendants, Leroy and Sherry Thomison, by counsel, file Voluntary Petition from the United States Bankruptcy Court. lc." Appellant's Appendix at 2. On July 21, 2005, the next entry occurs, which states, "Dan J. May files his written Appearance for the defendants and further files their Independent Action for Relief from Judgment and Motion to Set Aside Default Judgment. jaz." *Id.* We cannot say that the "[v]oluntary [p]etition from the United States Bankruptcy Court" constitutes a waiver by Thomison because her attorney did not enter an appearance until July 21, 2005, when he filed the motion for relief from judgment. *See, e.g., Hill v. Ramey,* 744 N.E.2d 509, 514 (Ind.Ct.App. 2001) (holding that a motion for continuance filed by an attorney on party's behalf does not constitute a waiver of a lack of personal jurisdiction "as that attorney never entered an appearance for [the party] in [the] case").

 The sole issue is whether the trial court had personal jurisdiction over Thomison. In general, we review a trial court's denial of a motion to set aside judgment for an abuse of discretion and, in so doing, determine whether the trial court's judgment is clearly against the logic and effect of the facts and inferences supporting the judgment. *Swiggett Lumber Constr. Co., Inc. v. Quandt,* 806 N.E.2d 334, 336 (Ind.Ct.App.2004). In this case, however, Thomison argues a lack of personal jurisdiction. "The existence of personal jurisdiction over a defendant is a question of law.... Thus, we review a trial court's determination regarding personal jurisdiction de novo." *Munster v. Groce,* 829 N.E.2d 52, 57 (Ind.Ct.App.2005). A plaintiff is responsible for presenting evidence of a court's personal jurisdiction over the defendant, but the defendant ultimately bears the burden of proving the lack of personal jurisdiction by a preponderance of the evidence, unless that lack is apparent on the face of the complaint. *Id.*

 Thomison argues that the trial court lacked personal jurisdiction because service of the complaint was ineffective. Ineffective service of process prohibits a trial court from having personal jurisdiction over a defendant. *Taco Bell Corp. v. United Farm Bureau Mut. Ins. Co.,* 567 N.E.2d 163, 164 (Ind.Ct.App.1991), *trans. denied.* A judgment entered against a defendant over whom the trial court did not have personal jurisdiction is void. *Fidelity Fin. Serv., Inc. v. West,* 640 N.E.2d 394, 396 (Ind.Ct.App.1994). Therefore, to determine whether the trial court's judg-

---

contacted by a Texas collection agency 12 years after the default judgment did Collins file a motion for relief from judgment under T.R. 60 asking for relief under the Soldiers' and Sailors' Relief Act, not under T.R. 60(B)(6) as a void judgment for lack of per-

sonal jurisdiction. Consequently, *Stidham* does not control this case." *Collins,* 805 N.E.2d at 414. We do not find *Collins* controlling because Thomison filed a motion for relief from judgment because the trial court lacked personal jurisdiction.

ment against Thomison is void, we must determine whether IK Indy's service of process upon Thomison was effective. *See Northwestern Nat. Ins. Co. v. Mapps,* 717 N.E.2d 947, 951 (Ind.Ct.App.1999).

The appropriate method for serving process on an individual is outlined in Indiana Trial Rule 4.1, which provides, in pertinent part:

(A) In General. Service may be made upon an individual, or an individual acting in a representative capacity, by:

(1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or

(2) delivering a copy of the summons and complaint to him personally; or

(3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or

(4) serving his agent as provided by rule, statute or valid agreement.

(B) Copy Service to Be Followed With Mail. Whenever service is made under Clause (3) or (4) of subdivision (A), the person making the service also shall send by first class mail, a copy of the summons without the complaint to the last known address of the person being served, and this fact shall be shown upon the return.

Thomison concedes that "on 10/10/2000 summons was served on [her] by leaving a copy of the complaint and summons at her residence." Appellant's Brief at 7. Thomison argues that the trial court lacked personal jurisdiction because IK Indy did not provide her with copy service by mail pursuant to Ind. Trial Rule 4.1(B).

Thomison argues that *Barrow v. Pennington,* 700 N.E.2d 477 (Ind.Ct.App. 1998), is dispositive. In *Barrow,* the Sheriff allegedly delivered a summons and complaint to Barrow's home. *Barrow,* 700 N.E.2d at 478. The return stated that the papers were left with a baby-sitter; however, Barrow had never employed a baby-sitter and did not have any children. *Id.* At the time the Sheriff delivered the summons and complaint, Barrow was living with a friend and his friend's girlfriend. *Id.* The girlfriend had one child, six months old, however, Barrow claimed that the girlfriend had never employed a baby-sitter. *Id.* The return did not state that Barrow was mailed a copy of the summons by first class mail after the summons and complaint were left at his home. *Id.* The trial court entered a default judgment against Barrow in favor of Pennington. *Id.*

On appeal, Barrow argued that "the service of process failed to comply with T.R. 4.1(B) because a copy of the summons was not mailed by first-class mail to his last known address following service of process pursuant to T.R. 4.1(A)(3)." *Id.* Another panel of this court addressed whether Ind. Trial Rule 4.15(F) would cure noncompliance with Ind. Trial Rule 4.1(B). *Id.* at 479. Ind. Trial Rule 4.15(F) states:

(F) Defects in summons. No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond.

The panel held that "compliance with T.R. 4.1(B), itself, is a jurisdictional prerequisite to obtaining personal jurisdiction" and that "T.R. 4.15(F) will not excuse noncompli-

ance with trial rule 4.1(B)" because there was no attempt to comply with Ind. Trial rule 4.1(B). *Id.*

IK Indy relies on *Boczar v. Reuben,* 742 N.E.2d 1010, 1012 (Ind.Ct.App.2001), *reh'g denied,* in which we distinguished *Barrow.* In *Boczar,* the Boczars, appellants-defendants, appealed the trial court's grant of summary judgment in favor of the plaintiff. The Boczars argued that the plaintiff had failed to follow the procedural dictates of Ind. Trial Rule 4.1(B) and relied on *Barrow. Boczar,* 742 N.E.2d at 1015. We held that the exigencies compelling the *Barrow* holding were absent. *Id.* at 1016. Specifically, (1) no one disputed that the Boczars received the complaint and the summons, (2) the Boczars did not argue that they were prejudiced by the plaintiff's failure to send the separate summons by mail, and (3) unlike in *Barrow, Boczar* did not involve the appeal of a default judgment, which would require any doubt as to the propriety of a default judgment to be resolved in favor of the defaulted party. *Id.*

Thomison also relies on *Swiggett Lumber Constr. Co., Inc. v. Quandt,* 806 N.E.2d 334, 335 (Ind.Ct.App.2004). In *Swiggett,* the plaintiffs filed a complaint against Swiggett. *Swiggett,* 806 N.E.2d at 335. A summons addressed to Gordon L. Hall, the registered agent, at Swiggett's business address was filed with the complaint. *Id.* Service on agent and service by registered or certified mail was requested on the summons. *Id.* The summons and complaint sent by certified mail were returned as unclaimed. *Id.* Thereafter, the plaintiffs filed an alias summons directed to Hall as registered agent at the same address, requesting personal or copy service on Hall. *Id.* The return service on this summons revealed that the process server was unable to complete service of the summons and complaint to Hall because the door to the business was locked. *Id.* The process server, therefore, inserted the summons and complaint through the mail slot in the door to the business. *Id.* The plaintiffs filed a second alias summons and requested personal or copy service on Hall. *Id.* at 335–336. Finding no one present at Hall's residence, the process server returned to the business. *Id.* at 336. A young man inside the building answered the door and identified himself as an employee of Swiggett. *Id.* The employee stated that Hall was not present at the time, and the process server handed the summons and complaint to the employee, referring to the documents as court papers for Hall, and indicated to the employee that he should be sure to give them to Hall. *Id.* The employee agreed. *Id.* Swiggett, however, never answered the complaint. *Id.*

The trial court entered a default judgment against Swiggett. *Id.* Prior to the default judgment, Hall had no knowledge of the lawsuit or of the attempts to serve him with the complaint and summons. *Id.* On appeal, the plaintiff did not "directly dispute Swiggett's assertion that, at best, Hall was served by copy service and that said copy service was not followed by mailing the summons to Halls's last known address as required by T.R. 4.1(B)." *Id.* at 337. The plaintiff relied on Ind. Trial Rule 4.15(F) and argued that "copy service at the business to an unidentified employee of Swiggett, who represented that he understood the nature of the summons and agreed to deliver the documents to Hall, constituted service reasonably calculated to inform Hall that an action had been instituted against Swiggett." *Id.*

We relied on *Barrow* and interpreted *Barrow* as holding that "[i]n the context of a default judgment, ... 'compliance with T.R. 4.1(B), itself, is a jurisdictional prerequisite to obtaining personal jurisdic-

tion'" and that "T.R. 4.15(F) will not excuse noncompliance with trial rule 4.1(B)." *Id.* at 337–338. However, we also recognized the holding in *Boczar* but noted that "[i]n the instant case, unlike *Boczar,* the exigencies compelling the *Barrow* holding are present." *Id.* at 338 n. 3.

Here, we are confronted with whether Ind. Trial Rule 4.15(F) cures noncompliance with Ind. Trial Rule 4.1(B) under a different set of circumstances than in *Barrow* or *Swiggett.* This case differs from *Barrow* in which the parties disputed whether the complaint and summons were delivered to the residence and *Swiggett* in which the facts indicated that the defendant had no knowledge of the lawsuit or of the attempts to serve him prior to the default judgment. *See Barrow,* 700 N.E.2d at 478; *Swiggett,* 806 N.E.2d at 336.

Initially we must recognize that unlike *Boczar* and as in *Barrow,* we are confronted with reviewing an appeal from a default judgment, which requires that "[a]ny doubt of the propriety of a default judgment should be resolved in favor of the defaulted party." *Coslett v. Weddle Bros. Constr. Co., Inc.,* 798 N.E.2d 859, 861 (Ind.2003), *reh'g denied.* Thomison does not argue that there is any doubt of the propriety of the default judgment but argues that the failure to comply with Ind. Trial Rule 4.1(B) results in a lack of personal jurisdiction.

Thomison appears to argue that the lack of personal jurisdiction is apparent on the face of the complaint because the Sheriff's return, on its face, shows that no copy was mailed as required by Ind. Trial Rule 4.1(B). The Sheriff's return, which was attached to IK Indy's complaint, states in part:

I DID SERVE THE ATTACHED PAPER:

| NAME | Sherry Thomison | IN PERSON | ____ |
|------|-----------------|-----------|------|
| CAUSE NO. | 34D020009CP 0617 | BY COPY | X |
| | | COPY MAILED | ____ |

Appellant's Appendix at 12. We cannot conclude that lack of personal jurisdiction is apparent on the face of the complaint. Thus, Thomison bears the burden of proving the lack of personal jurisdiction by a preponderance of the evidence. *See Munster,* 829 N.E.2d at 57.

Two of the factors used in *Boczar* to distinguish *Barrow* are present in this case. First, Thomison does not argue that she was prejudiced by IK Indy's failure to send the separate summons by mail. Second, Thomison concedes that "on 10/10/2000 summons was served on [her] by leaving a copy of the complaint and summons at her residence" and does not argue that she did not receive the complaint and summons. Appellant's Brief at 4.

"Under Indiana Trial Rule 4.15(F), no summons or service of process shall be set aside if either is reasonably calculated to inform the defendant of the impending action against him." *Reed Sign Service, Inc. v. Reid,* 755 N.E.2d 690, 696 (Ind.Ct.App.2001), *reh'g granted* in *part* on *other grounds,* 760 N.E.2d 1102, *trans. denied.* "Thus, Trial Rule 4.15(F) will prevent service of process which is technically deficient from defeating the personal jurisdiction of a court." *Id.* "[A]lthough actual notice alone will not cure defective service, it may be considered in determining whether the notice was reasonably calculated to inform an organization of the ac-

tion." *Mapps,* 717 N.E.2d at 955; *see also Reed Sign Service, Inc.,* 755 N.E.2d at 696, 696 n. 5 (holding that plaintiff's attempts at service satisfied the requirements of Ind. Trial Rule 4.15(F) and that, while actual notice did not satisfy the requirement, it was "strong evidence" that the attempts were reasonably calculated to inform the defendant). Because Thomison concedes that the summons and complaint were delivered to her residence and makes no argument that she did not receive the complaint, she has not met the burden of proving the lack of personal jurisdiction by a preponderance of the evidence. We conclude that the trial court had personal jurisdiction over Thomison. *See e.g. Munster,* 829 N.E.2d at 63 (citing *Boczar* as holding that "failure to follow up delivery of a complaint and summons under Trial Rule 4.1(A)(3) with mailing of a summons under Trial Rule 4.1(B) does not constitute ineffective service of process if the subject of the summons does not dispute actually having received the complaint and summons" and holding that the failure to mail a copy of the summons as required by Ind. Trial Rule 4.1(B) was not fatal to plaintiff's attempt to serve defendant when defendant confirmed he had received complaint and summons).

For the foregoing reasons, we affirm the trial court's denial of Thomison's motion to set aside the default judgment.

Affirmed.

KIRSCH, C.J., and MATHIAS, J. concur.