**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANTS PRO SE:

**STEPHEN HARRIMAN**
**ELENA IVANOVA**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**BRANDI R. FOSTER**
Greenwood, Indiana

FILED
May 13 2013, 9:34 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEPHEN HARRIMAN and ELENA IVANOVA, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 41A01-1210-SC-460 |
| | ) | |
| SMITH BROTHERS ULTIMATE BUILDERS, INC., | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE JOHNSON SUPERIOR COURT
The Honorable Richard L. Tandy, Magistrate
Cause No. 41D02-1203-SC-662

**May 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Stephen Harriman and Elena Ivanova ("the Homeowners") appeal the trial court's small claims judgment in favor of Smith Brothers Ultimate Builders, Inc. ("Smith Brothers"). The sole restated issue presented for our review is whether the trial court's judgment is clearly erroneous or contrary to law. Due to the deficient nature of the Homeowners' pro se brief, and the lack of cogent argument supported by relevant citation of authority, we conclude that the Homeowners have waived our review of the issue. Accordingly, we affirm the trial court's judgment.

**Facts and Procedural History**

The facts most favorable to the small claims court's judgment indicates that Smith Brothers is an Indiana corporation that has been in the construction business for forty-two years. In early summer 2010, the Homeowners decided to begin remodeling one of their rental properties located in Greenwood. The Homeowners obtained a phone number for Smith Brothers from a telephone book, called the number, spoke to someone, and arranged a meeting to obtain an estimate for work on their rental property.

On July 15, 2010, a man named Homer D. Caudill met with the Homeowners and provided an estimate for work on the rental property. Caudill is a subcontractor that had performed some work for Smith Brothers in 2010, and Caudill had access to Smith Brothers' telephone. When he met with the Homeowners, Caudill was neither driving a Smith Brothers vehicle nor wearing the white shirt with the Smith Brothers logo that all employees wear. Smith Brothers had no record that the Homeowners called to request an estimate. Smith

2

Brothers had a company policy to document each customer phone call made into the office. Jim Smith is the only employee of Smith Brothers authorized to meet with clients and to perform estimates.

Caudill agreed to do the work requested by the Homeowners for $10,050. Caudill provided the Homeowners with a "Smith Brothers" contract, and both parties signed the contract. Appellants' Ex. A. As a subcontractor, Caudill had access to Smith Brothers' blank work contracts. The parties agreed that the Homeowners would pay for the work in three installments. Caudill informed the Homeowners that they should not make the first check payable to Smith Brothers because that would mean it would take three or four weeks for the project to start. Caudill stated that if the Homeowners made the first check payable to him, he could "expedite" the project. Tr. at 16. The Homeowners gave Caudill a personal check made payable to Caudill in the amount of $3500. Thereafter, on July 23, 2010, the Homeowners gave Caudill a second payment by personal check made payable to Caudill in the amount of $3500.

During the time that work was being performed on the project, the Homeowners had no contact with Smith Brothers and only communicated with Caudill via cell phone. The Homeowners became frustrated with the progress of the work and with Caudill giving excuses for not paying for the furnace he had arranged to be installed. All work on the project then ceased. Smith Brothers had no knowledge of the Homeowners or the Homeowners' dealings with Caudill until it received a letter from the Homeowners' attorney more than three months later in November of 2010.

On February 25, 2012, the Homeowners filed a small claims notice against Smith Brothers alleging breach of contract. The Homeowners sought damages in the amount of $6000 plus $77 in court costs. The trial court held a bench trial on September 4, 2012. Both parties appeared and were represented by counsel. Thereafter, on September 18, 2012, the trial court issued its judgment in favor of Smith Brothers.[1]

**Discussion and Decision**

The Homeowners appeal a small claims judgment. Our standard of review in this regard is well settled. Judgments in small claims actions are "subject to review as prescribed by relevant Indiana rules and statutes." Ind. Small Claims Rule 11(A). "We review facts from a bench trial under a clearly erroneous standard with due deference paid to the trial court's opportunity to assess witness credibility." *Branham v. Varble*, 952 N.E.2d 744, 746 (Ind. 2011). This deferential standard of review is particularly important in small claims actions, where trials are designed to speedily dispense justice by applying substantive law between the parties in an informal setting. *Berryhill v. Parkview Hosp.*, 962 N.E.2d 685, 689 (Ind. Ct. App. 2012). In determining whether a judgment is clearly erroneous, the appellate tribunal does not reweigh the evidence or determine the credibility of witnesses, but considers only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *City of Dunkirk Water & Sewage Dep't v. Hall*, 657 N.E.2d 115, 116 (Ind. 1995).

Moreover, because the Homeowners had the burden of proof at trial, they appeal from

---

[1] On October 22, 2012, the trial court issued an amended judgment to amend the cause number.

4

negative judgment. *See LTL Truck Serv., LLC v. Safeguard, Inc.*, 817 N.E.2d 664, 667 (Ind. Ct. App. 2004). We will not reverse a negative judgment on appeal unless it is contrary to law. *Id.* A judgment is contrary to law when the evidence, along with all reasonable inferences, is without conflict and leads unerringly to a conclusion opposite that reached by the court. *M.K. Plastics Corp. v. Rossi*, 838 N.E.2d 1068, 1074 (Ind. Ct. App. 2005).

The sole issue presented on appeal is whether the trial court's judgment in favor of Smith Brothers is clearly erroneous or contrary to law. Due to the deficient nature of the Homeowners' pro se appellants' brief, we determine sua sponte that Homeowners have waived this issue on appeal.

We have often explained that

> one who proceeds pro se is held to the same established rules of procedure that a trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action. While we prefer to decide cases on the merits, we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors. The purpose of our appellate rules, Ind. Appellate Rule 46 in particular, is to aid and expedite review and relieve the appellate court of the burden of searching the record and briefing the case. We will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood.

*Ramsey v. Review Bd. of Indiana Dept. of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003) (quotation marks and citations omitted).

Although the Homeowners' brief contains a multitude of deficiencies and violations of our appellate rules, we will concentrate on the most significant problem, their violation of Indiana Appellate Rule 46(A)(8) with respect to the Argument section of their brief. This

5

section "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning," as well as relevant citations to the record on appeal or legal authority. Ind. Appellate Rule 46(A)(8). The Homeowners' Argument section fails to provide any argument at all. Indeed, the Homeowners do not even make a bald assertion of error. The Homeowners provide no explanation as to how the trial court's judgment is clearly erroneous or contrary to law, and they fail to make even a single reference in this section to facts and/or evidence presented to the trial court and the reasonable inferences that can be drawn from the facts and/or evidence. The section merely contains citations to legal authority purportedly relied upon by Smith Brothers and by the Homeowners during the small claims trial, but no argument, cogent or otherwise, as to why or how that legal authority does or does not apply to the case at bar. We will not, on review, search through authorities cited by a party in order to try to find legal support of a position. *Reed Sign Serv., Inc. v. Reid*, 755 N.E.2d 690, 695 n.4 (Ind. Ct. App. 2001), *clarified in part on reh'g*, 760 N.E.2d 1102, *trans. denied* (2002).

In sum, the Homeowners' attempt at presenting an argument for reversal on appeal is too jumbled and poorly developed to be understood. In other words, the Homeowners have not only failed to connect the dots, they have not even given us any dots to connect. We will not address arguments which are too poorly developed or improperly expressed to be understood. *See Ramsey*, 789 N.E.2d at 487. Additionally, we note that the Homeowners' brief is rife with spelling and grammatical errors, missing words, partial thoughts, and incomprehensible statements. These types of errors, coupled with the other violations of the Indiana Rules of Appellate Procedure, substantially impede us from reaching the merits of

6

this appeal.

Therefore, the Homeowners' noncompliance with the appellate rules, most significantly their failure to provide cogent argument, has resulted in waiver of their claim on appeal. *See Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) (finding that failure to present cogent argument supported by authority coupled with unsupported assertions too poorly developed to be understood resulted in waiver of argument on appeal). If we were to address their claim on appeal, we would be forced to abdicate our role as an impartial tribunal and would instead become an advocate for one of the parties. This we cannot do. *See id.*[2] The judgment of the trial court is affirmed.

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.

---

[2] While the Homeowners attempt to be more precise in their reply brief by at least referencing the doctrine of apparent authority, their reply is also rife with poorly developed arguments. In any event, an appellant is not permitted to present new arguments in a reply brief, and any argument an appellant fails to raise in its initial brief is waived for appeal. *Ashworth v. Ehrgott*, 982 N.E.2d 366, 376 n.3 (Ind. Ct. App. 2013).