## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 30 2016, 8:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kenneth Slate
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Brian J. Paul
Daniel E. Pulliam
Faegre Baker Daniels LLP
Indianapolis, Indiana

Amy B. Jones
Silvia B. Miller
Health and Hospital Corporation
of Marion County
Public Health Division
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kenneth Slate,

*Appellant-Defendant,*

v.

The Health and Hospital Corporation of Marion County, Indiana, Public Health Division,

*Appellee-Plaintiff.*

November 30, 2016

Court of Appeals Case No.
49A02-1603-OV-681

Appeal from the Marion Superior Court

The Honorable Cynthia J. Ayers, Judge

Trial Court Cause No.
49D04-1411-OV-66215

**Najam, Judge.**

# Statement of the Case

Kenneth Slate appeals the trial court's denial of his Trial Rule 60(B) motion to set aside the court's judgment against Litton Mortgage Servicing Center ("Litton"). Slate presents six issues on appeal, but, we address the following two dispositive issues:

1.  Whether the trial court had personal jurisdiction over Slate.

2.  Whether the trial court violated Slate's right to due process.

We affirm.[1]

# Facts and Procedural History

In a citation dated July 16, 2013, The Health and Hospital Corporation of Marion County, Indiana, Public Health Division ("HHC") alleged that Litton had violated the Code of the Health and Hospital Corporation of Marion County ("the Code") by failing to keep the exterior of its residence at 4352 North Kitley Avenue in Marion County ("the residence") clear of "scattered rubbish," "large rubbish and junk," and a "refrigerator with doors." Appellant's App. at 17. Because Litton had still not remedied the violations, on

---

[1] We have consolidated four of the issues raised in Slate's brief on appeal into the two stated issues. Slate also raises a substantive challenge to the judgment underlying his Trial Rule 60(B) motion. Because we hold that the trial court did not err when it denied that motion, we do not reach the merits of the underlying judgment. Slate also argues that his Trial Rule 60(B) motion should have been granted under subsection (1). But, as we note below, his motion under Trial Rule 60(B)(1) was not timely.

November 12, 2014, HHC filed a complaint against Litton alleging that Litton had not complied with the terms of the citation and had not paid a $100 fine and seeking a permanent injunction enjoining Litton "from allowing the property . . . to be in violation of Chapter 10 of The Code. . . ." *Id.* at 10. HHC served Litton by service on its registered agent, Slate, who resided at the residence. During a hearing on the complaint on December 23, 2014, Slate appeared, pro se, and he attempted to explain his involvement in the proceedings as follows:

Court: Okay. And are you here representing Litton Mortgage Service Center?

Slate: No.

* * *

Slate: They—I don't even think they exist.

HHC: Judge, he's listed as the own—

Court: —bring me up to speed?

HHC: —as the registered agent for this entity who's listed as the owner of record.

Court: Okay.

Slate: My brother paid it all, and then I don't know what happened there—is why there's still on there [sic].

Court: Alright. . . . And this is in regards to property [located at] 4352 North Kitley Avenue, correct?

HHC:        Yes, ma'am.

Court:      Alright. What's your relationship with that property, Mr. Slate?

Slate:      I's [sic] live there.

Court:      Okay. And who do you make your payments to?

                        * * *

Slate:      My brother. He paid it off to them twenty years ago, and he told me I could live there until I died.

                        * * *

Court:      Apparently [Litton is] still the registered owner of record . . . .

                        * * *

Court:      . . . and you are listed as the registered agent which means you're the person who gets any notices—

Slate:      Right.

Court:      —um, regarding the property. So that's why you're here today.

Slate:      Right. I agree with you.

Tr. at 4-6.[2]  At the hearing, HHC presented evidence that it had:  inspected the residence on April 25, 2013, and issued a notice of violation; reinspected the residence on July 16, 2013, and issued a citation; reinspected the residence on December 22, 2014, and observed that "some violations [were] remedied, but many still remain[ed]."  Appellant's App. at 18.  Slate testified that he had "removed 3 tons of material from the property" but could not afford to complete the clean-up.  *Id.*  At the conclusion of the hearing, the trial court entered judgment in favor of HHC on its complaint, ordered Slate to pay the $100 citation to HHC, issued a "clean & lien for [the] property," and issued a permanent injunction "that [the defendant] shall not violate Chapter 10 of the Code."  *Id.*

[3]     On August 7, 2015, Slate filed an answer and asserted affirmative defenses.  And on February 18, 2016, Slate filed a Trial Rule 60(B) motion to set aside the December 23, 2014, judgment against Litton.  In that motion, Slate alleged, among other things, that the trial court's judgment against him was void for

---

[2] On appeal, HHC argues that we should dismiss this appeal because Slate was not a party below and is not a party on appeal.  While it appears that Slate was not a named party below and did not move to intervene in this action, the transcript shows that both the trial court and HHC treated Slate as though he was at least one "responsible" party. Tr. at 21.  Indeed, the trial court ordered Slate, not Litton, to pay the $100 fine to HHC and ordered Slate to clean up the property.  Dismissing this appeal on the grounds propounded by HHC would elevate form over substance, which we will not do.  *See Estate of Helms v. Helms-Hawkins*, 804 N.E.2d 1260, 1266-67 (Ind. Ct. App. 2004), *trans. denied*.

lack of personal jurisdiction and for a violation of his right to due process.[3]  On March 9, the trial court denied Slate's motion.  This appeal ensued.

# Discussion and Decision

## *Standard of Review*

Indiana Trial Rule 60(B) provides in pertinent part:  "On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:  . . . (6) The judgment is void[.]"  Normally, this court employs an abuse of discretion standard in reviewing a trial court's ruling on a motion to set aside a judgment.  *D.L.D. v. L.D.*, 911 N.E.2d 675, 678 (Ind. Ct. App. 2009), *trans. denied*.  However, when a motion for relief from judgment is made pursuant to Trial Rule 60(B)(6), alleging that the judgment is void, we review the trial court's judgment de novo because either the judgment is void or it is valid.  *Id.*

---

[3] Slate also contends that the trial court should have set the judgment aside under Trial Rule 60(B)(1), which provides in relevant part that a trial court may set aside a judgment on the basis of "surprise."  But that subsection requires that a party's motion to set aside be filed within one year of the judgment, and Slate did not timely file his motion under that subsection.  T.R. 60(B).  However, Slate's motion under Trial Rule 60(B)(6) was timely.  *See Stidham v. Whelchel*, 698 N.E.2d 1152, 1156 (Ind. 1998) (holding "a judgment that is void for lack of personal jurisdiction may be collaterally attacked at any time and that the 'reasonable time' limitation under Rule 60(B)(6) means no time limit).

### Issue One:  Personal Jurisdiction

Slate first contends that the trial court's December 23, 2014, judgment is void for lack of personal jurisdiction.  In particular, Slate maintains that

> [he] had no time to even talk to a lawyer before the hearing, let alone prepare [his] meritorious defense.  [He] did not voluntarily go to court on December 23rd but went because the summons ordered [him] to go there or face bad consequences.  [He] did not even have time to finish reading all the legal papers [he] had found behind [his] door and just barely found the Courthouse in time for the hearing.  Without legal advice, [he] had to go to court having no idea what terms like due process, jurisdiction, service of process or appeal meant and what would happen at the hearing.  [He] was physically at the hearing but not mentally legally there.  [He] filed no Answer or Appearance Form or even knew what they were.

Appellant's Br. at 21 (citations omitted).  HHC responds that the trial court obtained personal jurisdiction over Slate when he appeared for the December 23, 2014, hearing, participated in that hearing, and did not assert lack of personal jurisdiction until more than one year after the court entered the judgment.  We acknowledge Slate's argument, but we must agree with HHC.

Personal jurisdiction is a question of law.  *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 965 (Ind. 2006).  Thus, we review a trial court's determination regarding personal jurisdiction de novo.  *Thomison v. IK Indy, Inc.*, 858 N.E.2d 1052, 1055 (Ind. Ct. App. 2006).  A plaintiff is responsible for presenting evidence of a court's personal jurisdiction over the defendant, but the defendant ultimately

bears the burden of proving the lack of personal jurisdiction by a preponderance of the evidence, unless that lack is apparent on the face of the complaint. *Id.*

[7] A defendant can waive the lack of personal jurisdiction and submit himself to the jurisdiction of the court if he responds or appears and does not contest the lack of jurisdiction. *Id.* Here, Slate appeared at the December 23, 2014, hearing on HHC's complaint and participated in the hearing. At no time did Slate challenge the trial court's personal jurisdiction over him. It was not until more than one year later when, in his motion to set aside judgment, Slate alleged that the trial court lacked personal jurisdiction over him and the judgment was void under Trial Rule 60(B)(6).

[8] We hold that, because Slate appeared at the December 23, 2014, hearing and did not contest the trial court's jurisdiction over his person at that time, Slate waived his claim of lack of personal jurisdiction and submitted himself to the jurisdiction of the court. Accordingly, the trial court did not err when it denied Slate's motion to set aside the judgment as void for lack of personal jurisdiction.

### Issue Two: Due Process

[9] Slate also contends that, while a Sheriff's deputy left a copy of the complaint and summons at his residence, Slate did not find those documents until the day before the December 23, 2014, hearing. Slate maintains that he was "prejudiced and harmed by not receiving the summons and complaint through the mail" and that the "lack of adequate notice time was [a] due process violation." Appellant's Br. at 18-19. And, citing *World-Wide Volkswagon Corp.*

*v. Woodson*, 444 U.S. 286, 291 (1980), Slate argues that "[a] judgment rendered in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution is void." Appellant's Br. at 19.

[10]   As we stated in *Munster v. Groce*, 829 N.E.2d 52, 58 (Ind. Ct. App. 2005),

> [i]n the seminal case regarding due process and notice, the Supreme Court held that the Due Process Clause requires at a minimum "that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). "This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Id.* at 314. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* "[W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.* at 315.

[11]   Here, Slate actually received notice and appeared at the December 23 hearing, and he did not move to continue the hearing. Slate has not shown that he was denied an opportunity to present any objections at that hearing. *Id.* Moreover, on appeal, Slate does not demonstrate that the outcome of the hearing would have been different if he had had adequate notice. For instance, Slate does not explain what he would have done differently had he had more notice of the

hearing.  Slate cannot show that the trial court's judgment against him is void because of a due process violation.

[12]     Affirmed.

Bailey, J., and May, J., concur.