## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 14 2017, 9:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Theodore J. Minch
Sovich Minch, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bryan Heim, <br> *Appellant-Defendant,* <br><br> and <br><br> The Indianapolis Yacht Club, <br> *Defendant,* <br><br> v. <br><br> Michael L. Wallace, <br> *Appellee-Plaintiff* | November 14, 2017 <br><br> Court of Appeals Case No. <br> 29A02-1703-SC-611 <br><br> Appeal from the Hamilton <br> Superior Court <br><br> The Honorable William P. <br> Greenaway, Magistrate <br><br> Trial Court Cause No. <br> 29D04-1605-SC-3981 |

**Crone, Judge.**

## Case Summary

Bryan Heim appeals the denial of his motion for relief from the judgment against him on Michael L. Wallace's claim based on his missing jet ski. We affirm.

## Facts and Procedural History

In June 2016, Wallace filed a corrected notice of claim in small claims court against Heim and the Indianapolis Yacht Club ("IYC"), alleging that IYC mistakenly believed that his jet ski had been abandoned and had it removed from his slip. Apparently, Wallace believed that Heim was in possession of his jet ski. Service was effectuated by leaving a copy of the notice of claim at both Heim's residence and IYC on June 21, 2016. Appellant's App. at 5, 47, 49.[1]

Attorney Theodore Minch filed a general appearance on behalf of Heim and a "Notice of Ineffective Service."[2] Heim and IYC filed a joint motion to continue the hearing on Wallace's claim, in which Heim informed the court that he was not waiving any claims regarding ineffective service. The trial court granted the motion and rescheduled the hearing on Wallace's claim.

In November 2016, at the scheduled hearing, Wallace appeared in person, IYC appeared by counsel, and Minch appeared on Heim's behalf to "defend

---

[1] We observe that nearly all of Heim's citations to his appellant's appendix are incorrect.

[2] At the hearing on Heim's motion for relief from judgment, the trial court found that Minch had not signed the Notice of Ineffective Service and therefore it was invalid. Tr. at 59-60.

service." Tr. at 5. Minch informed the trial court that Heim "still to date ha[d] not received service on this matter." *Id*. at 4. The trial court consulted the record and concluded that Heim had received proper service on June 21, 2016. *Id*. at 6-7. Minch did not present any additional evidence or argument to support Heim's ineffective service claim, nor did he move for a continuance. The trial court proceeded to swear in the witnesses and hear Wallace's claim on the merits. Minch did not offer argument or evidence.

[5] The trial court issued an order finding that proper service was had on all parties, ruling in favor of IYC on Wallace's claim, finding that the jet ski in Heim's possession belonged to Wallace, and ordering Heim to return it to Wallace within seven days.

[6] Heim filed a motion for relief from judgment, arguing that the trial court did not have personal jurisdiction over him because service of the notice of claim was ineffective and that he took lawful ownership of the jet ski. In February 2017, the trial court held a hearing, took the matter under advisement, and issued an order summarily denying Heim's motion. This appeal ensued.

## Discussion and Decision

[7] Heim appeals the denial of his motion for relief from judgment. Indiana Trial Rule 60(B) affords relief only in extraordinary circumstances that are not the result of the moving party's fault or negligence. *Z.S. v. J.F.*, 918 N.E.2d 636, 640 (Ind. Ct. App. 2009). "Trial Rule 60(B) motions address only the procedural, equitable grounds justifying relief from the legal finality of a final

judgment, not the legal merits of the judgment." *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010). The moving party carries the burden of showing that relief is both necessary and just. *Z.S.*, 918 N.E.2d at 639. We generally review a trial court's denial of a motion of relief from judgment for an abuse of discretion. *Thomison v. IK Indy, Inc.*, 858 N.E.2d 1052, 1055 (Ind. Ct. App. 2006). Wallace has not filed an appellee's brief, and therefore we may reverse if Heim "establishes prima facie error, which is an error at first sight, on first appearance, or on the face of it." *Laflamme v. Goodwin*, 911 N.E.2d 660, 664 (Ind. Ct. App. 2009).

[8] First, Heim argues that the trial court lacked personal jurisdiction over him because service of the notice of claim was ineffective. *See Thomison*, 858 N.E.2d at 1055 ("Ineffective service of process prohibits a trial court from having personal jurisdiction over a defendant."). Personal jurisdiction is a question of law, which we review de novo. *Id.* "A plaintiff is responsible for presenting evidence of a court's personal jurisdiction over the defendant, but the defendant ultimately bears the burden of proving the lack of personal jurisdiction by a preponderance of the evidence, unless that lack is apparent on the face of the complaint." *Id.*

[9] Specifically, Heim contends that service was ineffective because Wallace did not provide him with copy service by mail. *See* Ind. Small Claims Rule 3(A)[3]

---

[3] Heim incorrectly cites to Indiana Trial Rule 4.1(B).

("Whenever service is made by leaving a copy at defendant's dwelling house or usual place of abode, the person making the service also shall send by first class mail a copy of the notice of claim to the last known address of the person being served."). We observe that at the November 2016 hearing, Heim was represented by counsel and the trial court heard and considered his ineffective service claim. However, Heim's trial counsel failed to argue that a copy of the notice of claim was not mailed to his residence. Failure to present an argument before the trial court waives it for direct appeal. *See Dedelow v. Pucalik*, 801 N.E.2d 178, 183 (Ind. Ct. App. 2003) ("A party generally waives appellate review of an issue or argument unless that party presented that issue or argument before the trial court."). Heim's attempt to raise this argument in a motion for relief from judgment is unavailing and does not preserve it for appellate review. "Trial Rule 60(B) motions address only the procedural, equitable grounds justifying relief from a final judgment." *Paternity of P.S.S.*, 934 N.E.2d at 740. We reject his contention that the judgment against him was in effect a default judgment when he was in fact represented by counsel at the November 16 hearing and had an opportunity to be heard.

[10] Second, Heim asserts that he is the rightful owner of the jet ski. However, he failed to present any evidence at the November 16 hearing to support his claim that he took lawful possession and ownership of the jet ski. He attempted to introduce such evidence with his motion for relief from judgment and at the February 2017 hearing. However, the trial court observed that he had the opportunity to present evidence at the November 2016 hearing but failed to do

so and had failed to move for a continuance after the court had ruled that he had received effective service. The trial court stated that under these circumstances, it appeared that Heim was not entitled to a second bite at the apple.

[11] We observe that the November 2016 hearing was scheduled for the purposes of hearing Wallace's claim on the merits; there is nothing in the record to suggest that the hearing was limited to the issue of Heim's ineffective service claim. Nor does Heim contend that he was unaware that the hearing was scheduled to address Wallace's claim on the merits. Again, "Trial Rule 60(B) motions address only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment." *Paternity of P.S.S.*, 934 N.E.2d at 740. We conclude that the trial court did not abuse its discretion in denying Heim's motion for relief from judgment.

[12] Affirmed.

Vaidik, C.J., and Mathias, J., concur.