## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 23 2018, 8:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| **APPELLANT PRO SE** | **APPELLEE PRO SE** |
| Annamalai Annamalai | Vishal Kalyani |
| Atlanta, Georgia | Coimbatore, Tamil Nadu, India |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Annamalai Annamalai, | March 23, 2018 |
| *Appellant-Plaintiff,* | Court of Appeals Case No. 84A01-1710-MI-2520 |
| v. | Appeal from the Vigo Superior Court |
| Vishal Kalyani, | The Honorable Lakshmi Reddy, Judge |
| *Appellee-Defendant.* | Trial Court Cause No. 84D02-1704-MI-2768 |

**Bailey, Judge.**

# Case Summary

Annamalai Annamalai ("Annamalai"), a federal prisoner, filed a *pro se* complaint against Vishal Kalyani ("Kalyani") alleging breach of contract. Without a hearing, the trial court dismissed the action *sua sponte*, concluding—among other things—that Annamalai had failed to serve Kalyani. Annamalai now appeals, *pro se*, presenting several issues, which we consolidate and restate as whether the trial court erred in dismissing the action.

We reverse and remand for a hearing.

# Facts and Procedural History[1]

On April 18, 2017, Annamalai—at that time incarcerated in Vigo County—initiated litigation against Kalyani. Annamalai's *pro se* complaint alleged that Annamalai and Kalyani entered a contract that Kalyani subsequently breached. Annamalai sought an order compelling arbitration, in accordance with a term of the alleged agreement. At the time Annamalai filed his complaint, he filed a pauper's affidavit, and requested that the court clerk serve Kalyani by mail.

The clerk attempted to serve Kalyani by mail at an address in Texas. Several weeks later, the court received a document—purportedly from Kalyani—in

---

[1] This Court entered an order excusing Annamalai from preparing an appendix. We have discerned the pertinent facts and procedural history from our review of the trial court's record as reflected on Odyssey. *See* Ind. Appellate Rule 27 (providing that the "Record on Appeal . . . consist[s] of the Clerk's Record and all proceedings before the trial court . . . whether or not transcribed or transmitted to the Court on Appeal").

which Kalyani seemingly acknowledged receipt of the summons and complaint. This purported acknowledgment led to a docket entry indicating that Kalyani had been served. However, the following week, the mailing originally sent to Kalyani was returned to the clerk's office, marked unclaimed. This resulted in a conflicting docket entry indicating that Kalyani had not been served. Meanwhile, Annamalai filed a request under Trial Rule 68 asking the clerk to enter a consent judgment, based upon a purported agreement between the parties. The clerk did not enter the judgment. Thereafter, the trial court entered an order declining to set any hearing until Kalyani had been served. Later, a filing was purportedly made by Kalyani, *pro se*, acknowledging receipt of the summons and complaint, and seeking entry of a consent judgment.

[5] Eventually, the case was transferred to a different judge so the court could consolidate Annamalai's pending cases. Without holding a hearing, the trial court dismissed the instant action on September 27, 2017. In its order of dismissal, the trial court stated that it "lacks personal jurisdiction over the defendant, lacks subject matter jurisdiction, cannot provide Mr. Annamalai the relief he is requesting, and the Court believes that he is seeking to relitigate issues over complicated matters that have been addressed by courts in Georgia or on appeal with the 11th Circuit." Order of Dismissal at 3 (Sep. 27, 2017).

[6] Annamalai now appeals.

# Standard of Review

At the outset, we observe that the trial court's decision was not based upon a development of the facts, as the court did not hold a hearing. In general, when the trial court renders a decision relying solely on a paper record, we are in as good a position as the trial court, and engage in *de novo* review. *See, e.g.*, *GKN Co. v. Magness*, 744 N.E.2d 397, 401 (Ind. 2001). Moreover, this appeal ultimately requires us to determine whether the court complied with Trial Rule 41(E) in dismissing the action. Interpretation of our trial rules is a question of law that we review *de novo*. *Miller v. Danz*, 36 N.E.3d 455, 457 (Ind. 2015).[2]

# Discussion and Decision

Annamalai argues that the trial court erred in dismissing the case *sua sponte*, without a hearing.[3] The trial court articulated several grounds for dismissal, which we address in turn.

---

[2] We note that when an appellee has failed to file a brief, we may reverse if the appellant presents a case of *prima facie* error. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). Here, we have a brief designated as an Appellee's Brief, although it is not responsive to Annamalai's appellate contentions. Rather, the brief was postmarked on the same day as the Appellant's Brief, and appears to be identical to the Appellant's Brief in every respect except for certain aspects of the cover sheet and signature pages.

[3] Annamalai also asserts that the court clerk should have entered judgment upon his Trial Rule 68 request, and asks that we direct the clerk to enter judgment. *See* Ind. Trial Rule 68 (providing that upon a properly documented request reflecting an offer and acceptance of judgment, "the clerk shall enter judgment"). What Annamalai seeks is a writ of mandate based upon the clerk's allegedly improper failure to act, but the Indiana Supreme Court has exclusive jurisdiction over such matters, which are to be filed as original actions. *See* Ind. Const. art. 7, § 4; App. R. 4(B); App. R. 60; Ind. Original Action Rule 1(A); *see also* Ind. Code § 34-27-1-3. Next, Annamalai argues that the trial court was deprived of subject matter jurisdiction because of the clerk's alleged error. In so arguing, Annamalai relies on federal cases evaluating the existence *vel non* of subject matter jurisdiction in light of the jurisdictional restraints set forth in Article III of the United States

## Subject Matter Jurisdiction

[9] "Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs." *K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006). Indiana state courts have subject matter jurisdiction only to the extent granted by the Indiana Constitution or by statute. *State v. Sproles*, 672 N.E.2d 1353, 1356 (Ind. 1996). Moreover, a trial court has the inherent authority to dismiss a case at any time for lack of subject matter jurisdiction. *Warrick Cty. v. Weber*, 714 N.E.2d 685, 687 (Ind. Ct. App. 1999); *Santiago v. Kilmer*, 605 N.E.2d 237, 240 (Ind. Ct. App. 1992), *trans. denied*.

[10] As to the Vigo Superior Court, the legislature generally conferred original and concurrent jurisdiction in all civil cases and in all criminal cases. I.C. §§ 33-29-1.5-2, 33-33-84-1, 33-33-84-3. *But see* I.C. § 33-26-3-1 (providing that the tax court "has exclusive jurisdiction" in certain tax-related cases). Thus, we readily conclude that the trial court had subject matter jurisdiction to resolve this case.

## Inability to Grant Relief

[11] The court stated that it "cannot provide Mr. Annamalai the relief he is requesting." Order of Dismissal at 3 (Sep. 27, 2017). Yet, Annamalai alleged

---

Constitution. Yet, Indiana courts are not bound by Article III, and "the Indiana Constitution does not contain any similar restraint" on subject matter jurisdiction. *Matter of Lawrance*, 579 N.E.2d 32, 37 (Ind. 1991). To the extent Annamalai is suggesting that the case was rendered moot by the filing of a purported offer and acceptance of judgment on June 26, 2017, Annamalai failed to present this argument to the trial court; at most, Annamalai baldly asserted that there was "no more justiciable controversy." Plaintiff's Motion at 2 (August 1, 2017). We conclude that Annamalai has waived his mootness argument, and decline to consider it on appeal. *See, e.g.*, *In re N.G.*, 51 N.E.3d 1167, 1173 (Ind. 2016).

that his agreement with Kalyani provided for arbitration, and that Kalyani refused to proceed to an arbitration forum. Ultimately, Annamalai sought an order compelling arbitration, and the trial court could so order. *See* I.C. § 34-57-2-3 ("On application of a party showing an agreement [to arbitrate], and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration."). Thus, dismissal was improper on this asserted basis.

## Abusive Litigation

[12] The court also expressed concern that Annamalai was abusing the judicial process, "seeking to relitigate issues over complicated matters that have been addressed by courts in Georgia or on appeal with the 11th Circuit." Order of Dismissal at 3 (Sep. 27, 2017). The trial court took judicial notice of two orders from the Northern District of Georgia, one of which concluded that Annamalai had abused the judicial process and attempted to relitigate his claims. The trial court also observed that Annamalai had filed five complaints in Vigo County, three of which had already been dismissed.

[13] "There is no right to engage in abusive litigation, and the state has a legitimate interest in the preservation of valuable judicial and administrative resources." *Zavodnik v. Harper*, 17 N.E.3d 259, 264 (Ind. 2014). To that end, both the Indiana General Assembly and the Indiana Supreme Court "have given the courts of this state tools to deal with abusive litigation practices." *Id.* Among them are procedures to prevent abusive civil litigation by those who are incarcerated. *See* I.C. § 34-58-1-2 (creating a mandatory screening process for

offender-filed claims); I.C. § 34-10-1-3 (prohibiting offenders who have had three suits dismissed under the screening statute from filing new complaints *in forma pauperis*, unless they are "in immediate danger of serious bodily injury"). Moreover, apart from these proactive tools, "courts have inherent authority to impose reasonable restrictions on any abusive litigant." *Zavodnik*, 17 N.E.3d at 265. Indeed, "[t]he courts of this state, after due consideration of an abusive litigant's entire history, may fashion and impose reasonable conditions and restrictions . . . on the litigant's ability to commence or continue actions in this state that are tailored to the litigant's particular abusive practices." *Id.* at 266.

[14] Here, the trial court outright dismissed the case, without first tailoring restrictions on Annamalai's ability to maintain his action. Thus, even if we assume that Annamalai was engaged in abusive litigation, that abuse would not support summarily imposing the severe sanction of dismissal.

## Personal Jurisdiction

[15] "Personal jurisdiction requires that appropriate process be effected over the parties." *K.S.*, 849 N.E.2d at 540. Indeed, a court may exercise personal jurisdiction over a defendant only if the defendant was properly served or validly waived such service. *Thomison v. IK Indy, Inc.*, 858 N.E.2d 1052, 1055 (Ind. Ct. App. 2006). Trial Rule 4.1 sets forth appropriate methods for serving an individual, and allows for mailing a copy of the summons and complaint.

[16] In its order of dismissal, and on several other occasions, the trial court questioned whether Kalyani had been effectively served. Put another way, the

trial court seems to have questioned whether Annamalai complied with Trial Rule 4.1. Under Trial Rule 41(E), the trial court may dismiss a case *sua sponte* for a party's failure to follow the trial rules. Yet, to do so, the trial court first "shall order a hearing for the purpose of dismissing such case." T.R. 41(E). Thereafter, "[t]he court shall enter an order of dismissal at plaintiff's costs if the plaintiff shall not show sufficient cause at or before such hearing." *Id.*

[17] Here, the trial court did not order a hearing, and did not give Annamalai an opportunity to avoid dismissal. Thus, dismissal could not have been appropriate under Trial Rule 41(E). Moreover, having otherwise discerned no proper basis for *sua sponte* dismissal, we conclude that the trial court erred in dismissing the case. We accordingly reverse and remand with instructions that the trial court schedule a hearing in accordance with Trial Rule 41(E).[4]

# Conclusion

[18] The court erred in *sua sponte* entering an order of dismissal without a hearing.

[19] Reversed and remanded for a hearing.

Crone, J., and Brown, J., concur.

---

[4] To the extent that the trial court may have suspected fraud—and we reserve our suspicions—the trial court remains free to resolve this factual matter through a hearing.